## NEW AMSTERDAM CAS. CO. v. UNITED STATES et al.

### Civ. No. 3999.

District Court, W. D. Pennsylvania.

April 21, 1947.

J. M. McCandless, of Pittsburgh, Pa., for New Amsterdam Cas. Co.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., specially appearing on behalf of W. A. Julian, Treasurer.

GIBSON, District Judge.

The United States Attorney for the Western District of Pennsylvania, has appeared specially and moved the court to quash the summons against the Treasurer of the United States. He has also moved to dismiss the action against the United States.

The basis for the motion to quash the summons against the Treasurer is the allegation that he is subject to action in his official position only in the District of Columbia.

The motion to dismiss the action against the United States is founded on the proposition that the Act of Congress, 28 U.S.C.A. § 41(20), giving jurisdiction to the District Courts in claims cases does not confer the right in an action in which other defendants are joined with the United States; and also on the ground that no claim is actually made against the United States.

The action is the outgrowth of two bonds in which the plaintiff is a surety. The defendant, Sprague & Sprague, Inc., contracted to do certain work for the United States, and plaintiff was surety on one bond for $37,250, conditioned for faithful performance of the work, and another bond for a like amount conditioned for the payment of all labor and material furnished in the prosecution of said work.

The instant action is a reversal of the ordinary practice under the circumstances. The defendants other than the United States, the Treasurer and Sprague & Sprague, Inc., were sub-contractors who furnished labor or materials to Sprague & Sprague, Inc. Instead of an action by the United States for use of the sub-contractors against the surety, the surety has instituted the present suit, wherein it alleges that the United States has $9,011.-56 due Sprague & Sprague, Inc. under the contract, and prays that the Treasurer be enjoined from paying that sum to Sprague & Sprague, Inc. or any of the defendants claiming to have furnished labor or materials; and further prays that the United States and the Treasurer be ordered to pay said sum into court; and still further prays

that the labor and material defendants be required to file an account of their claims.

▮ As against the United States and the Treasurer the court is without jurisdiction to proceed and the action must be dismissed. As to the Treasurer no action can be brought against him except in the District of Columbia. The action against the United States is controlled by United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 770, 85 L.Ed. 1058, from which quotations follow:

"Except as Congress has consented there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States, or for the review of its decisions by appellate courts. Luckenbach Steamship Co. v. United States, 272 U.S. 533, 536, 47 S.Ct. 186, 71 L.Ed. 394, et seq. For that reason it has been uniformly held, upon a review of the statutes creating the court and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, United States v. Alire, 6 Wall. 573, 18 L.Ed. 947; United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court. United States v. Jones, supra; Lynn v. United States, 5 Cir., 110 F.2d 586, 588; Leather & Leigh v. United States, 61 Ct. Cl. 388, or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed.

\* \* \* \* \*. \*

"But the question remains whether such a suit is nevertheless within the jurisdiction conferred by the Tucker Act [28 U. S.C.A. § 41(20) ] on the district courts. The Court of Appeals thought that the obstacles to joining private parties, as parties defendant, in suits against the Government are procedural only, and that while no procedure is provided whereby the Court of Claims can adjudicate the rights of private parties in suits against the Gov-

ernment, that court is nevertheless free to adopt such a procedure. Cf. 28 U.S.C. § 263, 28 U.S.C.A. § 263. In any case it thought such procedure has now been made applicable to suits in the district courts by the new rules of civil practice. It concluded that since the District Court, under the Tucker Act has jurisdiction to adjudicate claims against the United States and by virtue of other provisions of the Judicial Code has jurisdiction to adjudicate the issues between respondent and the judgment debtor, the Rules of Civil Procedure authorize the exercise of both jurisdictions in a single suit.

"This conclusion presupposes that the United States, either by the rules of practice or by the Tucker Act or both, has given its consent to be sued in litigations in which issues between the plaintiff and third persons are to be adjudicated. But we think that nothing in the new rules of civil practice so far as they may be applicable in suits brought in district courts under the Tucker Act authorizes the maintenance of any suit against the United States to which it has not otherwise consented. An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction, and the Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. 723b, 28 U. S.C.A. § 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts."

It will be noted that United States v. Sherwood directly contradicts the ruling in United States to Use and for Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, D.C., 25 F.Supp. 700, cited in brief by plaintiff's counsel.

The motion to quash the summons upon the Treasurer of the United States will be granted, also the motion to dismiss the action against the United States. In addition to the lack of jurisdiction in this court no actual claim is made against the United States.