**CLEMENT MARTIN, Inc. v. DICK CORP. et al.**
**Civ. No. 9107.**

United States District Court
W. D. Pennsylvania.
April 17, 1951.

962

James A. Wright, Pittsburgh, Pa., for plaintiff.

Carl E. Glock, and Robert J. Dodds, Jr., (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for defendant, Dick Corp.

Clyde A. Armstrong, and Joseph E. Madva (of Thorp, Bostwick, Reed & Armstrong), Pittsburgh, Pa., for defendant, Citizens General Hospital.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant, Leonard A. Schele, Surgeon General, U. S.

A. J. Rosenbleet, McKeesport, Pa., for defendant, Wm. C. Brown, Secretary of Welfare of Pennsylvania.

MARSH, District Judge.

Plaintiff brought this action against Dick Corporation, Citizens General Hospital of New Kensington, both Pennsylvania corporations, Leonard A. Schele, Surgeon General of the United States, and William C. Brown, the then Secretary of Welfare of the Commonwealth of Pennsylvania. The matter is before the court upon motions to dismiss filed by all of the defendants.

The facts as alleged in the complaint viewed in a light most favorable to the plaintiff are as follows. Prior to June, 1950, pursuant to the Hospital Survey and Construction Act of 1946, 60 Stat. 1041, as amended 63 Stat. 900, 42 U.S.C.A. § 291 et seq., the Citizens General Hospital, desirous of constructing an addition, applied for and was granted 40% of the costs of construction from the United States Treasury; the balance was to be financed by private funds. In June of 1950, the Hospital advertised for bids for the construction project. The advertisement specified among other things that the Hospital "reserved the right to reject any and all bids and to waive informalities." Three bids were received. The plaintiff, a responsible contractor, bid the sum of $798,666 which was the lowest acceptable bid. Notwithstanding, the Hospital accepted the bid of Dick Corporation in the sum of $805,000, which was less than 1% higher than the bid of the plaintiff. On June 27, 1950 the plaintiff was notified by the Hospital that its bid had been rejected. Construction began on July 3, 1950.

Under the Hospital Survey and Construction Act, Section 291k, the Surgeon General with the approval of the Federal Security Administrator, promulgated Regulation 53.-77(c)(1) which in part provides:

"In addition to assurance otherwise required by the State Agency, before approving an application, the State Agency must have assurance from the applicant:

"(1) That actual construction work will be performed by the lump sum (fixed price) contract method, that adequate methods of obtaining competitive bidding will be or have been employed prior to awarding the construction contract, either by public advertising or circularizing three or more bidders, and that the award of the contract will be or has been made to the responsible bidder submitting the lowest acceptable bid;

"*      *      *      *      *      *

"Provided: That the State Agency, with the prior approval of the Surgeon General, may waive technical compliance with any of the requirements of this paragraph except subparagraph (1) if it finds that the purpose of such requirement has been fulfilled."

It is averred that the Hospital obtained the approval of its application from the Department of Welfare (the State Agency), and the Surgeon General, and unless restrained, will obtain the money from the Treasury by virtue of alleged false and improper assurances under the foregoing Regulation to the effect that Dick Corporation, the second lowest bidder, was the lowest responsible bidder and that the bid of said company was the lowest acceptable bid. After the award was made to Dick Corporation, plaintiff immediately protested to the authorities and to the Hospital. As a result, work was suspended six weeks to allow for investigation, after which work was resumed with the approval of the Secretary of Welfare and the Surgeon General. It is averred that the permission by the Sur-

geon General to resume the construction work and his approval of the application of the Hospital and its contract with Dick Corporation after notice of the alleged fraud, were wrongful and illegal agency actions which adversely affected plaintiff within the meaning of section 10 of the Administrative Procedure Act approved June 11, 1946, 60 Stat. 243, 5 U.S.C.A. § 1009. No administrative machinery exists which would afford to plaintiff a hearing by the Surgeon General on the subject of his grievance.

Service of the summons and complaint was not made upon Leonard A. Schele, Surgeon General of the United States, as prescribed by the Federal Rules of Civil Procedure, rule 4(d)(5), 28 U.S.C.A. This is a defense under rule 12(b)(5). It appears that the United States was served and that the Surgeon General received a copy of the process by mail in Washington, D. C. Since an injunction is sought personal service is required: Moore's Federal Practice, 2d Ed. Vol. 2, page 993. Consequently, this court has not obtained jurisdiction of the Surgeon General. This is a defense under rule 12(b)(2).

We also agree with the contention of the United States Attorney that the venue is not proper. In a suit brought against the head of an agency the proper venue is laid in the District of his official residence where he performs his official duties. See Hartman v. Federal Reserve Bank of Philadelphia, D.C.E.D.Pa.1944, 55 F.Supp. 801, 810; Podovinnikoff v. Miller, 3 Cir., 1950, 179 F.2d 937; New Amsterdam Casualty Co. v. United States, D.C.W.D. Pa.1947, 71 F.Supp. 155. The federal court whose venue extends to the Surgeon General of the United States is the District Court for the District of Columbia and not the District Court for the Western District of Pennsylvania.

From the prayers for relief,[1] it is

1. Plaintiff demands the entry of a decree against the defendants:
   1. Rescinding and setting aside the approval by the Secretary of Welfare and by the Surgeon General of the contract between the Hospital and the Dick Construction Company and of the application for Federal aid under the Act.

   2. Restraining and enjoining any payment of Federal funds to the Hospital or Dick Construction Company.

   3. Rescinding and setting aside the contract between the Hospital and Dick Construction Company and restraining and enjoining any further performance thereof or any payment therefor.

964

manifest that the Surgeon General is an indispensable party. Without proper venue and jurisdiction of his person, the entire action fails. Podovinnikoff v. Miller, supra.

█ Not only is the foregoing sufficient to require a dismissal of the action, but also an examination of the complaint leads to the conclusion that it fails to state a cause of action upon which relief can be granted.

█ It may be that plaintiff can show that the Dick Corporation and the Hospital inflicted grievous harm upon it by tortious acts and that it was aggrieved by the alleged false and improper assurances given by the Hospital to the State Agency and Surgeon General. However that may be, it is clear that the Surgeon General and the Secretary of Welfare had no contractual relations with plaintiff nor did they inflict any legal wrongs upon or cause it to be adversely affected or aggrieved by any action on their part *within the meaning of any relevant statute* under which the Administrative Procedure Act might be invoked. The Hospital Survey and Construction Act and the Regulations of the Surgeon General promulgated thereunder were enacted for the benefit of the people and the government and not for the benefit of prospective bidders.[2] There is no section of the stat-ute or any regulation which in express terms confers any right upon bidders to an award of a construction contract. The Administrative Procedure Act did not create rights but confers jurisdiction to review discretionary acts of agencies which affected existing statutory rights. This plaintiff as a competitive bidder has not shown *that he has any rights under the Hospital Survey and Construction Act.

No doubt, after his investigation the Surgeon General might have withheld his certification for payment and perhaps still might do so for violation of his regulation, but these matters under the Act are peculiarly between the Surgeon General and the Commonwealth of Pennsylvania.[3]

█ In the capacity of a taxpayer desirous of preventing waste of public funds, the plaintiff is not entitled to maintain this action against the Surgeon General under the authority of Com. of Massachusetts v. Mellon, 1922, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

Consequently, plaintiff's cause of action does not arise under the laws of the United States set forth in its complaint. As against the alleged wrongdoers, i.e., the Hospital and Dick Corporation, the action necessarily fails because of the lack of diversity. The motions to dismiss will be granted.

4. Awarding the contract for general construction work to the plaintiff for the amount of its bid.

5. Reimbursing the plaintiff for its expenses, costs, and damages, including damages to its business reputation, damages for money expended, loss of time, and loss of profits.

6. Granting such other and further relief as may be deemed necessary or proper.

2. It has been generally held that the requirement of competitive bidding is for the benefit of the government and not prospective bidders. See Colorado Pav. Co. v. Murphy, 8 Cir., 1897, 78 F. 28, 37 L.R.A. 630; O'Brien v. Carney, D.C. Mass.1934, 6 F.Supp. 761.

3. 42 U.S.C.A. § 291j.