**John L. GOODELL, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. 8380.**

United States District Court
W. D. New York.
Dec. 2, 1959.

---

Lipsitz, Green, Fahringer & Fleming, Buffalo, N. Y., for plaintiff.

Neil R. Farmelo, Acting U. S. Atty., Buffalo, N. Y., Robert J. Plache, Asst. U. S. Atty., Buffalo, N. Y., of counsel, for defendant.

HENDERSON, District Judge.

This is a suit by the plaintiff, an attorney at law, allegedly under the provisions of Title 42 U.S.C.A. § 405(g), seeking to review the amount of a fee awarded to the plaintiff by a referee of the Social Security Administration.

The plaintiff represented one Anthony Casamento in connection with Casamento's claim for old-age insurance benefits at a hearing held on November 12, 1958, before John J. Dumpert, referee. As a result of the hearing, the referee rendered a decision on March 20, 1959, holding that Casamento was entitled to old-age insurance benefits. As a result of this decision, Casamento became entitled to certain monthly payments (in the amount of $83.90 per month from April 1957 until January 1959, and thereafter in the amount of $90 per month). The first check representing the monthly benefits which accrued prior to the referee's decision was for $2,120.90.

Thereafter and prior to May 27, 1959, the plaintiff filed a petition with the referee "for the establishment of attorney's fees in the amount of $1,000.00 in connection with his services in behalf of Casamento." On May 27, 1959, the referee issued an order authorizing fees in the amount of $100. Thereafter the plaintiff filed a request for review of the referee's order by the Appeals Council. The Appeals Council held that under the Social Security Law and regulations thereunder such an order was not reviewable. As a result, the plaintiff brought the present suit, praying:

> " * * * that the Referee's order setting his fees at $100.00 be reversed and that the defendant be ordered to make an order setting the plaintiff's fees at $1,000.00; or in the alternative, that the defendant be ordered to review said Referee's order, either himself or through some appropriate agency subordinate to him; and for such other and further relief as may be just and proper."

The Social Security Act, Title 42 U.S. C.A. § 405(g), permits a claimant "after any final decision of the Secretary made after a hearing to which he was a party" to obtain review in the District Court of the administrative decision. The

plaintiff does not come within the language of this section. He was at no time a party to any proceeding, but rather merely an attorney for a party presenting a claim under the Act.

 It does not appear that the intent of Congress was to extend the review provisions of Section 405(g) to the matter of attorneys' fees, which are merely ancillary to claims under the Social Security Act.

The complaint is dismissed without costs.