**Watt SHEPPARD, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 961.**

United States District Court
S. D. West Virginia,
Huntington.

Dec. 20, 1960.

W. E. Parsons and Lawrence L. Pauley (Parsons & Gates), Huntington, W. Va., for plaintiff.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

A petition has been filed in this Court for the approval of attorney fees charged as a result of the representation of a plaintiff in his appeal from an adverse decision of the Secretary of Health, Education and Welfare, to the United States District Court for the Southern District of West Virginia.

The plaintiff in the appeal to this Court had previously applied to the Department of Health, Education and Welfare for allowance of a period of disability under the applicable provisions of the Social Security Act, as amended. After an adverse decision of the Department, he contacted petitioners herein, and requested that they represent him in prosecuting an appeal from the adverse decision, to this Court. On January 19, 1959, petitioners and their client entered into an employment agreement, whereby the compensation of petitioners was fixed at forty percent of recovery and contingent upon recovery.

Pursuant to the employment agreement, petitioners instituted suit in this Court on behalf of their client and with Arthur S. Flemming, Secretary of Health, Education and Welfare, as defendant, on January 23, 1959. Upon motion of the defendant, the cause was re-

manded to the Secretary for further administrative action by order of this Court, entered April 1, 1959.

On September 14, 1960, the Secretary rendered a decision favorable to the plaintiff, granting the relief sought in the action instituted before this Court, and requesting that the action be dismissed.

Petitioners are desirous of not violating any Federal statute or regulation, and have voluntarily submitted to this Court the question of their right to collect the contingent fee, now amounting to $630.64, and the reasonableness of such a fee. Notice and an opportunity to be heard in this case have been given the United States Attorney, and no objection to such fee arrangement has been made, and no regulation prohibiting such payment has been cited.

Section 206 of the Social Security Act, 42 U.S.C.A. § 406, as amended, provides in part:

"The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any *claim before the Secretary* under this subchapter, and any agreement in violation of such rules and regulations shall be void. Any person who shall, * * * knowingly charge or collect directly or indirectly any fee in excess of the maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, prescribed by the Secretary shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall for each offense be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both." (emphasis added).

Undoubtedly, under this statute, the Secretary has sole jurisdiction to pass on the amount of fees charged by attorneys for services rendered in the administrative proceedings before the Secretary. Goodell v. Flemming, D.C.W.D.N.Y.1959, 179 F.Supp. 806. Neither the statute nor the regulations attempt to govern fees which may be charged by an attorney for representing his client in judicial proceedings to review a decision of the Secretary; and the Secretary does not pass thereon.

Pursuant to the authority granted by the Social Security Act, the Secretary has promulgated regulations fixing maximum fees to be charged by attorneys and other persons. Section 403.713(d) of Regulations No. 3 of the Social Security Administration provides:

"Fees for the services of a representative, appointed and qualified in accordance with paragraphs (a) and (b) of this section may be charged and received from the party represented only as is provided in this paragraph.

"A fee in an amount not greater than $10.00 may be charged and received by an attorney who is admitted to practice before the highest court, or an inferior court of a State, Territory, District or insular possession or before the Supreme Court of the United States or an inferior Federal Court, and who is not otherwise prohibited by law from charging or receiving such a fee. Upon the petition of such an attorney the Bureau, a Referee, or the Appeals Council may, for good cause shown, authorize the attorney to charge and receive a maximum fee in excess of $10.00."

The regulations of the Secretary, of course, can only regulate in the area granted to his jurisdiction by statute. Here the statute limits the jurisdiction of the Secretary in fixing maximum fees to proceedings before the Secretary. There is no reason to believe from the wording of the regulation that such was not the intention of the Secretary when the regulation was drafted.

Petitioners have sought the advice of this Court as to the reasonableness of the fee of $630.64 for their services in this Court. It would seem that such fee is entirely reasonable.

This opinion is adopted as the findings of fact and conclusions of law of this Court. Petitioners may prepare an order according to the views expressed herein.