**UNITED STATES of America**

**v.**

**Mabel Geraldeen LEWIS and Claude Hicks.**

**Cr. No. 12021.**

United States District Court
E. D. Tennessee, S. D.

Sept. 26, 1964.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Hardwick Stuart and Mayfield & Mayfield, Cleveland, Tenn., for defendants.

FRANK W. WILSON, District Judge.

This case is before the Court upon a motion for new trial filed on behalf of each defendant. In support of the motion for a new trial the defendants have filed a further motion to be allowed to file numerous affidavits, which affidavits are in turn relied upon in the respective motions for new trial. The motions to file affidavits will be allowed and the affidavits will be considered in connection with the motions for new trial.

The initial ground for new trial in each motion is the alleged misconduct of a juror in sleeping during the course of the trial. The Court is of the opinion that this ground is without merit. As pointed out by the Court at the time of the oral argument upon the new trial motions, the Court made repeated observations of the jury throughout the trial and no juror gave any indication of being asleep or inattentive to the Court's observation. The defendants and their counsel were at all times seated directly facing the jury and yet no observation or objection with respect to inattentiveness upon the part of the juror was made at any time during the trial by the defendants or their counsel. An alternate juror was selected to sit in the case and was excused at the completion of the trial without objection or request upon the part of counsel for the defendants. The alleged misconduct was first raised by affidavits of persons represented as spectators at the trial. The affidavit of the juror referred to has been filed wherein he denied any inattentiveness or sleeping during the trial. The Court is of the opinion that the charge of misconduct upon the part of the juror is unfounded in fact.

The remaining grounds of each motion for new trial, with the exception of the final ground asserted in each motion, relate to the asserted legal insufficiency of the evidence. With respect to the motion for new trial upon the first and second counts of the indictment, the arguments of the defendants are largely directed to alleged conflicts in the evidence on matters asserted to affect the credibility of witnesses and the weight to be given to their respective testimony. These are matters, however, that are peculiarly within the province of the jury and the Court is of the opinion that the jury's verdict should not be overruled upon these grounds. In this respect it is appropriate to note that all of the affidavits filed by the defendants, as allowed above, other than those relating to alleged misconduct of a juror, seek to either impeach witnesses for the government or to corroborate the defendants' testimony. Neither impeachment nor corroborative testimony constitutes such newly discovered evidence as would form a basis for granting a new trial. As held in the case of Shotwell Mfg. Co. v. U. S., 371 U.S. 341 at 357, 83 S.Ct. 448, 458, 9 L.Ed.2d 357:

"* * * To overturn the denial of a new trial in this case by the two lower courts would be tantamount to saying that any subsequently discovered inaccuracy in the testimony of an important trial witness, which might have affected his credibility in the eyes of the jury, would entitle a convicted defendant to a new trial. We cannot so hold."

Likewise with respect to Counts 3, 4, 5, and 6, the argument is made upon behalf of the defendant Lewis that the evidence is conflicting and the testimony of various witnesses is erroneous. All such arguments raise only issues of fact which were before the jury and the Court is of the opinion that no basis exists in the record for setting aside the jury verdict upon these issues of fact.

An issue of law that merits careful consideration is raised upon behalf of the defendant Lewis with respect to her conviction upon Counts 3 thru 6. The defendant is charged in these counts with charging fees in excess of that permitted by law for services to social security applicants in connection with the claim for social security benefits. The defendant contends that such charges as were made by her were for work performed in

the preparation of the subject's income or self-employment tax returns and not for any representation before the Social Security Administration. The defendant further contends that the law does not purport to authorize the Social Security Administration to regulate fees with respect to services performed in the filing of tax returns, including self-employment tax returns, and that charges for such tax services could not constitute a criminal offense.

The difficulty with the defendant's contentions in this respect is twofold. In the first place, a dispute of fact exists under the record in this case whether the fees charged were solely for services in regard to tax work, as testified by the defendant, or whether in fact the fees charged were at least in part for services rendered the social security applicant in other respects in the presentation and processing of his claim before the Social Security Administration. In the second place, it cannot be held as a matter of law that charges for services performed in regard to preparation of self-employment tax returns could not under any circumstances constitute a violation of the law regulating fees charged for services performed in connection with any claim before the Social Security Administration.

The statute here involved, 42 U.S.C. § 406, provides in relevant part:

" * * * The Secretary may, by rule and regulation, prescribe the maximum *fees which may be charged for services performed in connection with any claim before the Secretary* under this subchapter, and any agreement in violation of such rules and regulations shall be void. Any person who shall * * * knowingly charge or collect directly or indirectly any fee in excess of the maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, *prescribed* by the Secretary shall be deemed guilty of a misdemeanor * * *."

The regulation governing fees adopted in accordance with the above statute, to the extent that the same is relevant to the present discussion, is as follows:

"The fee that an attorney or other person may charge the claimant for representing him in matters before the social security administration must be approved by the social security administration in all cases except (exceptions not applicable). * * * *"

■ ■ In light of the issue now before the Court, it is apparent that the significant language in the above statute is the phrase "services performed in connection with any claim before the Secretary". The word "services" does not necessarily exclude tax services. Neither does it necessarily include tax services. Rather, such inclusion or exclusion must depend upon the facts of the particular case. Whether a fee charged for preparation of the self-employment tax return would or would not be subject to regulation would depend upon whether, under the facts of the particular case, such service might properly be considered a "service performed in connection with any claim before the Secretary". If the real purpose of determining self-employment income was to knowingly further a claim then made or to be made before the Social Security Administration, such would constitute a "service" the fee for which may be regulated. On the other hand, if there was no evidence that the real purpose of the service performed in the determination of the self-employment income was knowingly performed in furtherance of a claim then made or to be made before the Social Security Administration, such work would not constitute a service the fee for which was subject to regulation.

Under the record in this case there was evidence from which a jury could conclude on each count that the tax work performed by the defendant Lewis was in fact a service knowingly performed in connection with a claim before the Social Security Administration. In each instance there was evidence that (a) the

applicant initially came to or was referred to the defendant for assistance in making a social security claim, (b) application was made for social security benefits immediately before or after the tax work was performed, (c) the tax returns filed were delinquent returns and reflected only delinquent self-employment tax which would have the effect of establishing social security eligibility, and (d) even though the defendant contended no charge was made for additional services, but only for the tax work, in most instances the defendant performed additional services in connection with the claim before the Social Security Administration. The Court is therefore of the opinion that under the record in this case a jury issue existed under Counts 3, 4, 5, and 6 as to whether the fee charged by the defendant was one subject to regulation under 42 U.S.C. § 406.

Having fully considered the defendants' motions for new trial, the Court is of the opinion that the motions should be overruled as to each count thereof.

An order will enter accordingly.