Morris **CHERNOCK**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 36353.**

United States District Court
E. D. Pennsylvania.
May 20, 1965.

Joseph J. Frieri, Morris Chernock, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

DAVIS, District Judge.

Plaintiff, an attorney-at-law, filed this action alleging jurisdiction under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to seek judicial review of a hearing examiner's order setting plaintiff's fee for representation of a claimant before the hearing examiner. The defendant has moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

The facts leading up to the present action are not substantially disputed and may be summarized as follows:

A Rorothy Lott filed claims for benefits under Title II of the Social Security Act, for herself and one Lessie Lott Grooms, a minor. These claims were denied and Rorothy Lott, on April 27, 1963, engaged the plaintiff to represent her and the child in the further pursuit of benefits.[1] Plaintiff investigated the claims, prepared the claims for presentation to the hearing examiner and represented the claimants before the hearing examiner on April 20, 1964. The hearing examiner rendered his decision on April 21, 1964 allowing the claims for benefits as a result of which plaintiff's client became entitled to $3100.-00 in accrued benefits and $189.00 per month until Lessie Lott Grooms reached 18 years of age. Plaintiff thereupon agreed to accept a fee in the sum of $5,-000.00 in lieu of the previously agreed upon contingent fee.

Plaintiff thereafter filed a petition with the hearing examiner asking for approval of the $5,000.00 fee. See 20 C.F.R. 404.-976. The hearing examiner issued an order allowing a maximum fee to be charged by the plaintiff of $250.00 on June 4, 1964, and an additional $50.00 for costs on June 16, 1964. Plaintiff seeks review of the hearing examiner's determination of the maximum fee as grossly inadequate, arbitrary and capricious.

Authority for setting attorneys' fees for the representation of claimants before the Social Security Administration is contained in Section 206 of the Social Security Act, 42 U.S.C.A. § 406, and reads, in pertinent parts, as follows:

"* * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this title, and any agreement in violation of such rules and regulations shall be void. * * *"

---

1. Plaintiff alleges that Rorothy Lott orally agreed that his fee would be a contingent, one-third of the amount ultimately recovered by plaintiff for her and on the child's behalf.

Pursuant to this statutory authority, the Secretary promulgated a regulation, 20 C.F.R. 404.976, which provides, in part, as follows:

"An attorney * * * may upon petition therefor and good cause shown charge and receive such fee for services rendered under Title II of the [Social Security] Act before * * * a hearing examiner * * * as may be approved by such * * * hearing examiner * * *: Provided, that no such approval shall be required for charging or receiving a fee for such services in a total amount not greater than the following:

"Representation before * * * a hearing examiner and/or the Appeals Council only—$30.00; * * * This limitation shall be applicable whether the fee is paid by a party to the proceedings or by someone else."

■ In his petition for the allowance of the $5,000.00 fee, plaintiff set forth, in great detail, the amount of time spent in the investigation, preparation and presentation of the claims for benefits on behalf of Rorothy Lott and Lessie Lott Grooms. The facts set forth in the petition amounted to "good cause" for the allowance of a higher fee than the $30.00 prescribed to be charged without approval.

■ Whether or not the fee allowed by the hearing examiner was grossly inadequate this Court does not decide, since the matter of the allowance of a fee in excess of the above mentioned maximum of $30.00 is within the discretion of the Secretary, as delegated to the hearing examiner, and is not reviewable by this Court. It should be noted however, that the purpose of the Social Security Act is primarily for the economic benefit of those eligible claimants who would normally not otherwise be financially able to provide for themselves and those entrusted to their care. In light of this primary objective, it is not alarming that the fee allowed for legal services rendered on behalf of a claimant before the Social Security Administration would be less than the fee normally charged by a member of the legal profession for the same services in connection with some other legal proceeding.

The right to judicial review of a final decision of the Secretary is contained in Section 205(g), 42 U.S.C.A. § 405(g), which, in part, provides:

"Any individual, after any final decision of the Secretary made after a *hearing* to which he was a *party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action * * As part of his answer the Secretary shall file a certified copy of the transcript of the *record* including the evidence upon which the findings and decision complained of are based. * * *" (Emphasis supplied).

■■ It is clear therefore, that judicial review is afforded to a *party*, after a *hearing*, and such review is limited to the record, including the findings by the Secretary, made before the Social Security Administration. It is not a de novo proceeding. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). Plaintiff was not a party to a hearing but was the legal representative of such a party and there is, therefore, no record to be submitted to this Court for review. Goodell v. Fleming, 179 F.Supp. 806 (W.D.N.Y. 1959).

■ The allowance of a fee for services rendered by an attorney before the Secretary was submitted to the Secretary by Section 206 for his determination and he alone has the jurisdiction to prescribe the maximum fees allowable. Sheppard v. Fleming, 189 F.Supp. 571 (S.D.W.Va. 1960). This section does not require the Secretary to provide for the allowance of a fee in excess of the maximum upon a showing of good cause therefor. Hines v. Lowrey, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938). The Secretary has however, provided for fees in excess of the maximum prescribed for good cause shown, but the determination of such fee is within his sole discretion and therefore not reviewable by this Court.