**Manly A. WATSON and Forest G. Plank**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 4473.**

United States District Court
E. D. Tennessee, S. D.

Aug. 25, 1965.

Manly A. Watson, Chattanooga, Tenn., for plaintiffs.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Charles J. Gearhiser, Asst. U. S. Atty., for defendant.

FRANK W. WILSON, District Judge.

This case is before the Court upon three pending motions. The original motion filed was that of the defendant to dismiss the plaintiffs' complaint. The plaintiffs have in turn filed a motion to strike the defendant's motion to dismiss. This will be treated as the plaintiffs' response to the defendant's motion to dismiss. Finally, the plaintiffs have filed a motion for summary judgment.

Considering first the defendant's motion to dismiss, this motion is based upon the contention that the complaint fails to state a claim upon which relief can be granted. The complaint, which is brought in the names of Manly A. Watson and Forest G. Plank, alleges that Plank, after having been denied social security benefits, engaged Manly A. Watson to represent him for a fee to be fixed by the Social Security Administration; that the said attorney spent eight and a half months time on the case, involving 15 or 20 hours work, including his appearance before the Hearing Examiner, which resulted in a decision establishing a period of disability for which it awarded disability insurance benefits to Plank; that pursuant thereto Plank received two checks totaling $3,057.60 for accrued benefits, that there was still due the sum of $219.00 and that Plank would continue to receive $78.00 per month; that the Hearing Examiner had approved an attorney fee of only $300.00 despite the fact that the attorney petitioned for a fee of not less than $450.-00; that the fee was totally inadequate and that Plank was in agreement with respect to its inadequacy; that the Social Security Administration by the allowance of inadequate attorney fees sought to prevent or discourage claimants from using counsel and that the plaintiff requested the Court to award his attorney a fee of not more than $1,017.60 nor less than $754.41 (being ⅓ or ¼ respectively of $3,017.60) subject to a credit of

$300.00 heretofore paid, with the award of attorney fees being adjusted accordingly if the additional sum of $219.00 were found to be due unto Plank. (It is conceded in the Government's brief that the additional sum of $219.00 was due unto Plank and had been duly paid.)

■ It is the contention of the defendant in support of its motion that this is an action brought under 42 U.S.C. § 405 (g) for judicial review of an allowance of attorney fees, as set by the Social Security Administration, and that such an action cannot be maintained in the name of the attorney. The complaint, however, does not allege any statutory basis for jurisdiction in this court and none is cited by the plaintiff. However, assuming, as contended by the defendant, that jurisdiction is based upon Sec. 405 (g) of Title 42 U.S.C., the said section of the Social Security Act permits a claimant "after any final decision of the secretary made after a hearing to which he was a party" to obtain review in the District Court of the administrative decision. It has been held, and it appears to this Court correctly so, in the case of Goodell v. Fleming, (D.C., W.D.N.Y., 1959) 179 F.Supp. 806, that an attorney could not obtain a review in the District Court under the Social Security Act, Sec. 405(g), of a decision of the Social Security Administration awarding attorney fees for services rendered a claimant for benefits. This decision is based upon the statutory language contained in Sec. 405(g) limiting the judicial review to a "party" in the proceedings before the Social Security Administration.

However, the complaint here is filed not only in the name of the attorney but also in the name of the social security claimant. It is apparent, however, that the real party in interest is the attorney. While the claimant may have joined in the petition, it is apparent that in the award of attorney fees it was the attorney and not the claimant who was adversely affected by the decision.

■ The only provision contained in the Social Security Act for judicial review of action of the Secretary is that contained in 42 U.S.C. § 405(g) wherein it is provided that a claimant may seek a court review of "any final decision of the Secretary made after a hearing to which he was a party". By 42 U.S.C. § 405(h) it is further expressly stated that:

> "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

It would appear clear from the foregoing that this Court would not have jurisdiction under the Social Security Act to review a decision of the Secretary favorable to a claimant, even though such decision may have been adverse to his attorney. Since the attorney was not a "party" to the proceedings before the Secretary and would therefore have no standing to seek a judicial review of a decision adverse to him under Section 405(g) [Goodell v. Fleming, 179 F.Supp. 807; Chernock v. Celebrezze, 241 F.Supp. 520 (U.S.D.C., E.D.Pa., 1965)] jurisdiction cannot be conferred merely by joining the claimant as a nominal party, when the attorney remains the only real party in interest.

■ No basis for jurisdiction other than 42 U.S.C. § 405(g) is cited by either party. The only other possible basis for judicial review would be the Administrative Procedure Act, 5 U.S.C. § 1009. Venue of an action against the defendant would not lie in this jurisdiction under the Administrative Procedure Act. [Clement Martin, Inc. v. Dick Corp., D.C., 97 F.Supp. 961].

Having concluded that this Court is without jurisdiction to review the subject matter of the petition herein, the motion of the defendant to dismiss this action will be sustained. It will therefore be unnecessary to consider further the plaintiff's motion for summary judgment.

An order will enter accordingly.