S. W. BRITTON

v.

John W. GARDNER, Secretary of Health,
Education and Welfare.

William SAGE

v.

John W. GARDNER, Secretary of Health,
Education and Welfare.

Reba F. DAVIDSON

v.

John W. GARDNER, Secretary of Health,
Education and Welfare.

Civ. A. No. 76, Charlottesville Div.;
Civ. A. Nos. 1093(Re) and
64–C–98–A, Abingdon Div.

United States District Court
W. D. Virginia.

June 14, 1967.

See also, D.C., 246 F.Supp. 285.

Robert M. Musselman, Charlottesville, Va., for plaintiff S. W. Britton.

D. H. Frackelton, Widener, Widener & Frackelton, Bristol, Va., for plaintiffs William Sage and Reba F. Davidson.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION

MICHIE, District Judge.

The three cases here consolidated for decision are factually similar and present interrelated questions of law. All three concern the power of a district court to award a reasonable attorney's fee to an attorney for his representation of a social security claimant. Statutory authority for the power of a district court to award a fee is found in 42 U.S.C. § 406. This same section grants the Secretary the power to award a fee and thus fix the compensation of an attorney for the representation of a claimant at the administrative level.

The portions of § 406 relevant to this decision read as follows:

(a) * * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. Any person who shall with intent to defraud, in any manner willfully and knowingly deceive, mislead, or threaten any claimant or prospective claimant or beneficiary under this subchapter by word, circular, letter or advertisement, or who shall knowingly charge or collect directly or indirectly any fee in excess of the maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, prescribed by the Secretary shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall for each offense be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both.

(b) (1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of § 405 (i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Subsection (b) was added to the Social Security Act as a part of the extensive amendments effective July 30, 1965. The legislative history, which regrettably is very scant, indicates that the concern of Congress was to eliminate the possibility of exorbitant contingent fees which had at times been charged by attorneys for the representation of social security claimants before the courts.[1]

---

1. S.Rep. No. 404, 89th Cong. 1st Sess. 422 as reported in U.S.Code, Congressional and Administrative News, 1965 at p. 2062, contains an excerpt relevant to this enactment.

"It has come to the attention of the committee that attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these large fees result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits. Since

Pursuant to the authority of § 406(a) (previously § 406) which has long been a part of the Social Security Act, the Secretary has promulgated regulations pertaining to the fee to be allowed an attorney for representation at the administrative level. These regulations which may be found at 20 CFR 404.971 et seq. provide that without a showing of good cause an attorney may receive $20.00 for representation before the Bureau; $30.00 for representation before a hearing examiner and/or the Appeals Council. Upon the filing of a petition showing good cause for an additional sum, the attorney may be awarded an amount in excess of those stated above as the Secretary in his sole discretion may determine.

■ Of importance for our purposes here is § 404.974 which provides that:

Any service rendered by any representative in connection with any proceeding before any State or Federal court shall not be considered services in any proceeding before the Social Security Administration for purposes of [setting a reasonable fee].

The power of the Secretary to promulgate such regulations and award a fee in accordance with them is committed to his sole discretion. Chernock v. Celebrezze, 241 F.Supp. 520 (E.D.Pa.1965), aff'd, 360 F.2d 257 (3d Cir. 1966). In Chernock the attorney had been retained by the claimants after a preliminary denial of benefits. The attorney investigated the claims, prepared the claims for presentation to the hearing examiner and represented the claimants at the scheduled hearing. The decision of the hearing examiner, rendered on the basis

of the hearing, allowed benefits to the claimants, and consequently the case was never placed before a district court. On these facts, it was held that a district court was powerless to review the Secretary's determination of a reasonable fee due the attorney for his services.

However, even before the enactment of the 1965 amendment, it was allowed that upon proper application, having once acquired jurisdiction over the case, a district court was empowered to award an attorney's fee for services rendered before it. Sparks v. Celebrezze, 228 F. Supp. 508 (E.D.Texas 1964), aff'd, 342 F.2d 286 (5th Cir. 1965). In *Sparks*, following a denial of benefits at the administrative level, claimant retained an attorney who subsequently filed a petition for review in the district court. The district court granted claimant's motion for summary judgment, reversing the final decision of the Secretary. Following the favorable determination by the district court, the claimant, acting by and through the attorney, filed a motion requesting the court to set a reasonable attorney's fee and order that such fee be paid directly to the attorney by the Secretary. The motion was granted; the court allowed an attorney's fee in the amount of 20% of the total benefits recovered by claimant and directed its payment. Responding to a challenge by the Secretary that it did not have the power to award a fee, the court upheld its decision primarily on the basis that once a petition for review had been filed pursuant to 42 U.S.C. § 405(g) (§ 205 (g) of the Act) the reviewing court was vested with general jurisdiction which included the power to set a reasonable

litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, are payable if the claimant wins his case.

"The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for

services rendered in connection with the claim; no other fee would be payable. Any violation would be made subject to the same penalties as are provided in the law for charging more than the maximum fee prescribed in regulations for services rendered in connection with proceedings before the Secretary—up to $500, or a year's imprisonment, or both. * * *"

attorney's fee. The Court of Appeals affirmed, stating at 342 F.2d 288:

> We think that § 205(g) of the Act confers upon the district court full judicial power to deal with the litigation brought to it under that section, including the power, in appropriate cases, to provide for the payment from the past-due benefits recovered by the claimant in the litigation of counsel fees for conducting it.

I concluded in Blankenship v. Gardner, 256 F.Supp. 405 (W.D.Va.1966) that not only did 42 U.S.C. § 406(b) (§ 206(b) of the Act) codify the already existing power of a district court to set a reasonable fee for the services rendered in representing a social security claimant before it, but also the section must be construed as meaning that:

> * * * the only fee which an attorney can collect for representing a claimant in the courts under 42 U.S.C. 405(g) is that awarded by the court pursuant to section 206(b) (1) and the seemingly permissive "may" is rendered meaningless since it would seem that some fee should be awarded in every case unless perhaps under very extraordinary circumstances.

*Blankenship* at p. 409.

Relevant also is the case of Sheppard v. Flemming, 189 F.Supp. 571 (S.D.W. Va.1960). In that case, following an adverse determination at the administrative level, claimant retained attorneys to represent him in a proceeding for judicial review of the Secretary's decision. The attorneys subsequently instituted a suit on claimant's behalf. On motion of the defendant, the case was remanded to the Secretary for further administrative action. Additional proceedings at the administrative level resulted in a decision granting claimant the benefits sought. The attorneys then petitioned the court for a determination of their rights to collect an attorney's fee. The court acknowledged that the Secretary has sole discretion to pass on the amount of a fee for services rendered at the administrative level but concluded that the regulations promulgated by the Secretary could regulate only in that area allowed to him by statute. On this basis, the court held that it had the power to pass upon the reasonableness of a fee for representing a claimant before the district court and, further, that the regulations gave the Secretary no power to pass upon the reasonableness of any fee for representation other than at the administrative level. Consequently, although the award of benefits to the claimant was by the administrative agency after a remand, the court considered it to be within its power to approve a reasonable fee.

Two very recent cases complete a summary of the authority on this question. In Robinson v. Gardner, 374 F.2d 949 (4th Cir. 1967) our Court of Appeals held that a district court was without power to award an attorney's fee which took into account professional representation at the administrative level. In *Robinson,* the claimant having failed at the administrative level, retained the attorney to represent her in review before the district court. After some preparation on the part of the claimant and the attorney, but prior to a hearing in the district court, the Secretary procured a remand of the claim to the administrative level for the taking of additional evidence. Further administrative proceedings resulted in the granting of the claim. The attorney then petitioned the district court for approval of a fee. The district court approved the fee; the Court of Appeals reversed, saying

> * * * to the extent the District Court's allowance here is for services in the Department, the reimbursement cannot stand.

The case was ordered remanded to the district court for a recomputation of a reasonable fee. The inescapable implication of this opinion is that, while the district court may not take into account services rendered by an attorney before the Secretary, even when the award of benefits is made administratively after a remand, it does possess the power to set a reasonable fee for services rendered

the claimant by an attorney before the court prior to the remand.

A second case, Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967), reached substantially the same result. Following an award of benefits administratively after a remand, counsel moved the district court for the allowance of a fee on the basis of services rendered both before the court and before the Secretary. The court concluded that an attorney must apply to the Secretary for a fee for those services rendered at the administrative level and, further, that the attorney must apply to the court for compensation for those services rendered before it. The court considered:

> There is nothing singular in the fact that counsel who appears in two forums should apply to each for the aliquot part of his total fee. That is common practice where counsel obtains in a district court, and in an appellate court, a separate award for his services before each.

*Gardner,* at p. 490.

In two of the cases here consolidated for decision, Sage v. Gardner, and Davidson v. Gardner, after the Secretary had filed motions for summary judgment and briefs in support thereof the claimants moved for a remand on the ground that additional evidence was available and was necessary in order for the claimants' cases to be adequately appraised. Although the remand was opposed by the Secretary, I was of the opinion that good cause had been shown and therefore granted claimants' requests. Benefits were then awarded administratively in each case and I, of course, was not called upon again to review the administrative determination.

Britton v. Gardner, the third case under consideration, presents a somewhat different factual situation. After an initial adverse decision by the Secretary, and following substantial proceedings in this court, on motion of the claimant the case was ordered remanded to the Secretary in July of 1962 for the taking of additional evidence. Administrative proceedings resulted in an award of benefits to the claimant. However, claimant was dissatisfied with the amount of benefits which had been awarded and again appealed to this court urging that the Secretary had erroneously excluded from consideration certain items of income. The case was reinstated on the docket in March, 1965. Extensive efforts on the part of claimant's counsel resulted in a decision in July of 1966 that the Secretary had in fact erroneously excluded the disputed items of income. As a result of my decision, claimant became entitled to additional benefits.

In all three cases counsel have petitioned for a fee and have urged that it is within the power of this court to award a fee for all services rendered the claimant subsequent to the initial petition for judicial review. The position of all counsel in that the underlying administrative procedure ceased before the filing of the original complaint in the district court and that all action taken subsequent to that time, including any remands and awards of benefits as a result of those remands, must be considered to be the result of that initial court action. For, as counsel suggest, but for the efforts of counsel on the part of the claimant in the district court, claimant would have received no benefits at all.

Reliance also is placed on the reasoning of the court in Sparks v. Celebrezze, supra, that once a proceeding for judicial review is initiated pursuant to 42 U.S.C. § 405.(g), the reviewing court acquires general jurisdiction over the case for all purposes including that of awarding an attorney's fee. For the proposition that the jurisdiction of the court does not cease upon a remand to the Secretary, reliance is had upon a portion of § 405(g) which reads:

> * * *  [the court] may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the

case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, * * *.

The arguments of counsel must fail, however, in light of the recent holdings in *Robinson* and *Menendez* that a district court may not award a fee for services rendered before the Secretary.

■ A district court in a social security case has the inherent power to award a fee for representation of a claimant before it. Celebrezze v. Sparks, 342 F.2d 286 (5th Cir. 1965). This power is, of course, subject to the 25% limitation of § 406(b). The Secretary in his sole discretion may fix a fee for services rendered at the administrative level. Chernock v. Gardner, 360 F.2d 257 (3d Cir. 1966). Sheppard v. Flemming, 189 F. Supp. 571 (S.D.W.Va.1960) which, of course, preceded the 1965 amendments stands for the proposition that the power of a court to approve a reasonable fee for services rendered before it is not affected by the award of benefits administratively after a remand. That the enactment of § 406(b) did not deprive the court of this power is made clear by *Robinson* and *Menendez*.

Reliance by counsel upon the portion of § 405(g) quoted above is inapposite. That passage is intended to cover the situation where, after reconsideration of the case in light of additional evidence, the determination of the Secretary is not finally dispositive. In that case, the statute directs the Secretary to file with the court his new findings so that the reviewing process may continue. I do not believe that the section may be construed to indicate that after an award of benefits by the Secretary upon a remand it is necessary that the court enter a final judgment in the claimant's favor.

■■ In the past, since the passage of the 1965 Act which added § 406(b), I have considered that my power to award a fee was conditioned by the first sentence of that section, which reads: "Whenever a court renders a judgment favorable to a claimant under this subchapter * * *," and consequently have concluded that when the award of benefits was made administratively after a remand I did not have the power to award any fee at all. In view of the recent holdings of the First and Fourth Circuits, I now conclude that § 406(b) does not abridge the inherent power of a court to award a fee for services rendered before it. I now find that regardless of the level at which the award of benefits was made, the attorney has the right to petition the Secretary for services rendered the claimant before the Secretary and to petition the court for services rendered the claimant before the court. With this in mind, the "but for" argument advanced by counsel loses much of its force as a district court may award a fee on the reasonable value of the services of an attorney in securing a remand.

Counsel in each of these cases have already filed with the court petitions requesting that the court authorize a fee. To the extent that the orders entered March 11, 1967 in Sage v. Gardner and Davidson v. Gardner are inconsistent with this opinion, they are vacated. Counsel are directed to file with the court any supplementary material to the petitions already filed which is consistent with this ruling. If the court does not receive any such material within 10 days, it will be considered that the petitions are complete and the court will proceed to award a fee.

■ All services rendered in connection with proceedings before the Secretary must be included in a petition directed to him.