**UNITED STATES of America,
Plaintiff,**

v.

**Harvey L. McCORMICK, Defendant.**

**No. 67–CR–155.**

United States District Court
E. D. Wisconsin.

June 24, 1969.

Robert J. Lerner, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Leonard V. Brady, John A. Udovc, and Edmund W. Powell, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, District Judge.

The defendant, Harvey L. McCormick, was indicted for knowingly agreeing for, charging, and collecting fees in excess of the fees permitted by law for services performed for various individuals in connection with their applications for

benefits under the Social Security Act.* These violations were alleged to have occurred between November 1962 and July 1967, and related to agreements entered into by Mr. McCormick with four different individuals.

Trial was held to the court. At the trial, Count II of the indictment was dismissed. Post-trial briefs have been filed by all parties. The court is now prepared to make its findings of fact and conclusions of law with regard to Counts I, III, IV, and V in accordance with Rule 23 of the Federal Rules of Criminal Procedure.

## FACTS

The defendant, Harvey L. McCormick, is a duly licensed attorney who practices law in Milwaukee, Wisconsin. Mr. McCormick represented all the persons referred to in the indictment in processing claims before the Social Security Administration, and in the case of each individual was successful in securing at least one award for his client. Mr. McCormick made no claim to the Secretary for fees in any of these cases.

Each of the clients mentioned in the indictment testified at the trial. All of these persons were of very limited education; it does not appear that any of them completed their grade school education. With the exception of Mr. Vasquez, whose native language is Spanish, each of the clients was able to read English to some extent. However, it was also clear that each of these individuals had difficulty understanding documents of any length.

Mr. McCormick entered into separate agreements with each of the above individuals referred to in the indictment with regard to the duration and cost of legal services to be performed. The testimony of these individuals at trial indicated that they were frequently unsure of the terms of the agreement and often did not understand what legal services were or that legal services had been performed even though there was not, from their point of view, a successful outcome. I find that Mr. McCormick did everything he could reasonably be expected to do to explain the retainer agreements involved to each of the clients, and each client, at the time the agreement was entered into, accepted the terms of the agreement.

At some point in 1960, Mr. McCormick entered into a retainer agreement with Roosevelt Crawford. No written agreement was available at trial, and the terms of the agreement are not entirely clear. It does appear, however, that Mr. McCormick performed various legal services for Mr. Crawford until June 1964, including but not limited to assisting with a claim for Social Security benefits. Pursuant to this agreement, Mr. McCormick was paid about $1,440.00. No separate bill or claim for payment of attorney fees on the basis of his work before the Social Security Administration on behalf of Mr. Crawford was ever presented by Mr. McCormick either to the Social Security Administration or to Mr. Crawford. A substantial portion of the legal services entirely unrelated to the Social Security claim were performed after Mr. McCormick secured

---

* 42 U.S.C. § 406. "Representation of claimants before the Secretary

"(a) * * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. * * * Any person who shall, with intent to defraud, in any manner willfully and knowingly deceive, mislead, or threaten any claimant or prospective claimant or beneficiary under this subchapter by word, circular, letter or advertisement, or who shall knowingly charge or collect directly or indirectly any fee in excess of its maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, prescribed by the Secretary shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall for each offense be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both."

a previously denied Social Security award for Mr. Crawford.

In March 1965, Mr. McCormick entered into a retainer agreement with Mr. Solomon Vasquez. This agreement was modified in February 1966 so that Mr. McCormick would represent Mr. Vasquez until Mr. Vasquez was able to conclude his affairs in Wisconsin and return to Puerto Rico. It appears clear that Mr. McCormick performed numerous legal services for Mr. Vasquez entirely unrelated to the Social Security claim. These services were apparently still being performed at the time of trial in 1968. Mr. Vasquez indicated at trial that he was entirely satisfied with Mr. McCormick's work and desired to continue the relationship. Mr. McCormick was paid a total of $1,000.00.

In June 1966, Mr. McCormick entered into a retainer agreement with Mr. Walker B. Flowers. According to the terms of this agreement, Mr. McCormick was to represent Mr. Flowers and his wife until July 1, 1969, for the sum of $1,500.00. Mr. McCormick has been paid $735.00. The record indicates that Mr. McCormick represented, and at the time of trial was still representing, Mr. Flowers in matters unrelated to the claim for Social Security benefits.

Mr. McCormick began representing Mr. Hosea Rouse and his family in about 1956. There was extensive state court litigation for which it does not appear that Mr. McCormick was ever paid.

In April 1967, Mr. McCormick and Mr. Hosea Rouse entered into a written retainer agreement to run until January 1, 1968. Pursuant to this agreement, Mr. Rouse had the option to pay Mr. McCormick $7,000.00 or one-third of any lump sum recovered by Mr. McCormick for the client. Mr. McCormick agreed to represent Mr. Rouse "against any person, corporation, or governmental agency or government wherein the Client, his wife, or widow, child or children are entitled to or may be entitled to any compensation, benefits or any thing of value whatsoever." Mr. McCormick has performed substantial ser-

vices for Mr. Rouse unconnected with the Social Security claim. Pursuant to this agreement, Mr. McCormick has been paid $3,200.00. At the time of trial, Mr. Rouse indicated he was satisfied with the services performed by Mr. McCormick and desired that Mr. McCormick continue to represent him.

## CONCLUSIONS OF LAW

If the fees collected by Mr. McCormick were based solely on his services for the various clients before the Social Security Administration, a violation of 42 U.S.C. § 406(a) has occurred. The amounts received are in excess of the 25 per cent of the total award allowed by that section. In addition, it is uncontested that no application for fees was made by Mr. McCormick to the Secretary in connection with the claims of any of the individuals referred to in the indictment.

In the view of this court, however, a violation has not occurred. If the services performed were *not* "in connection with any claim before the Secretary," the fees charged are not subject to § 406 and the regulations issued thereunder. United States v. Lewis, 235 F.Supp. 220 (E.D.Tenn.1964). In each instance, Mr. McCormick performed substantial legal services for the client which were not "services performed in connection with any claim before the Secretary" under the provisions of the Social Security Act.

Although the Secretary does have the authority to regulate attorney's fees for services rendered at the administrative level, the Secretary has no power to pass upon the reasonableness of any fee for representation other than at the administrative level. Britton v. Gardner, 270 F.Supp. 412 (W.D.Va. 1967). Consequently, the failure of Mr. McCormick to make application for fees, although he in fact represented persons before the Social Security Administration, cannot be per se a violation of law.

I find that the United States did not prove beyond a reasonable doubt that Mr. McCormick knowingly charged

fees "for services performed in connection with any claim before the Secretary" in excess of the maximum allowed by statute. The facts indicate that the fees received by Mr. McCormick relate to numerous other services performed by him which were entirely unrelated to the services he performed for his clients before the Social Security Administration.

For all the foregoing reasons, I therefore find the defendant, Harvey L. McCormick, "no guilty" of the offenses charged in each remaining count of the indictment, and the said defendant, Harvey L. McCormick, is entitled to a judgment of acquittal. The clerk of court is directed to enter judgment in accordance with this opinion.