Edwin J. CARTY ·

v.

**RHODE ISLAND DEPARTMENT OF CORRECTIONS, et al.**

C.A. No. 00–51 L.

United States District Court, D. Rhode Island.

Nov. 2, 2000.

Edwin J. Carty, plaintiff pro se.

Michael Grant, Cranston, RI, for defendants.

### Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

This matter is before the Court on the motion of the *pro se* plaintiff, Edwin J. Carty, for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Defendants have not objected since they have not been served with process, and thus, are not yet parties to the instant action.

This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the instant motion be **denied.**

### Background

Plaintiff Edwin J. Carty, incarcerated at the Adult Correctional Institution in Cranston, Rhode Island, filed a Complaint with the Clerk of Court on February 7, 2000, alleging various violations of his Constitutional rights without providing the necessary factual background to sustain the action. Recognizing the deficiencies in plaintiff's Complaint, this Court invited the plaintiff to file an Amended Complaint to include the factual predicate underlying the instant cause of action. Plaintiff accepted the invitation and filed an thirty-six page Amended Complaint (herein after referred to as "First Amended Complaint") with nineteen named defendants. Plaintiff, however, never served the First Amended Complaint on any of the nineteen named defendants. Thereafter, plaintiff moved for injunctive relief, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Said motion was denied, on the basis that the plaintiff had failed to serve any of the nineteen named defendants with the First Amended Complaint and/or the motion.

Plaintiff then sent to the Court a letter, requesting that certain allegations be added to the First Amended Complaint. The Court treated the letter as a motion, and directed the plaintiff to file with the Court a Second Amended Complaint, containing all of the factual allegations upon which the plaintiff bases the instant cause of action. Plaintiff was also directed to serve the Second Amended Complaint on each of the named defendants through interdepartmental mail, and certify to the Court, in writing, that this has been done. Plaintiff, however, has failed to file the Second Amended Complaint with the Court, nor has he served it on any of the nineteen named defendants.

Plaintiff has now moved this Court for a preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that plaintiff's motion be denied.

### Discussion

■ To determine the appropriateness of granting a preliminary injunction, the First Circuit employs a quadripartite test, taking into account (1) the potential for immediate,

irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. *See Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir.1991).

■■■■ When an injunction is sought, service of the summons and the complaint is required. *See Clement Martin v. Dick Corp.,* 97 F.Supp. 961, 962 (W.D.Pa.1951). It is well settled that without service of process, this Court has no jurisdiction over the named defendants. *Jardines Bacata v. Diaz–Marquez,* 878 F.2d 1555, 1558 (1st Cir.1989). Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process. *Precision Etchings & Findings v. LGP Gem, Ltd.,* 953 F.2d 21, 22 (1st Cir. 1992).

■■ Here, plaintiff has filed with the Court a First Amended Complaint. The First Amended Complaint, however, has not been served on the any of the nineteen named defendants.[1] Since plaintiff has failed to serve the nineteen named defendants with a copy of the First Amended Complaint and a summons, this Court does not have jurisdiction over them. Accordingly, the instant motion for a preliminary injunction should be denied.

### Conclusion

For the reasons stated above, I recommend that the plaintiff's motion for a preliminary injunction be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986)

---

1. Although the plaintiff requested to file a Second Amended Complaint, he has failed to do so.

(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Accordingly, the First Amended Complaint is operative at this juncture.