HOPKINS *v.* COHEN, ACTING SECRETARY OF
HEALTH, EDUCATION, AND WELFARE.

No. 276. Argued March 11–12, 1968.—Decided April 2, 1968.

*Allen Sharp* and *Harold H. Gearinger* argued the
cause for petitioner. With them on the briefs was *Israel
Steingold.*

*Harris Weinstein* argued the cause for respondent.
With him on the brief were *Solicitor General Griswold,
Assistant Attorney General Weisl* and *Morton Hollander.*

MR. JUSTICE DOUGLAS delivered the opinion of the
Court.

The question is whether the ceiling on an attorney's
fee under § 206 (b)(1) of the Social Security Act, as
amended,[1] 79 Stat. 403, 42 U. S. C. § 406 (b)(1) (1964

---

[1] 42 U. S. C. § 406 (b)(1) presently provides:

"Whenever a court renders a judgment favorable to a claimant
under this subchapter who was represented before the court by an
attorney, the court may determine and allow as part of its judgment
a reasonable fee for such representation, not in excess of 25 percent
of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment, and the Secretary may, notwith-
standing the provisions of section 405 (i) of this title, certify
the amount of such fee for payment to such attorney out of, and
not in addition to, the amount of such past-due benefits. In case

ed., Supp. II), is based on the benefits received by the claimant alone or may be based also on the benefits that other dependent members of his family receive by virtue of the claimant's disability.

Respondent ruled that petitioner [2] was not totally and permanently disabled within the meaning of the Act. The District Court reversed and awarded the claimant's attorney a fee equal to 25% of the benefits accruing to the claimant alone. The Court of Appeals for the Seventh Circuit affirmed. 374 F. 2d 726. Because its ruling as to attorney fees conflicted with decisions of the Fourth Circuit (see *Redden* v. *Celebrezze,* 361 F. 2d 815; *Lambert* v. *Celebrezze,* 361 F. 2d 677), we granted the petition for certiorari. 389 U. S. 811.

The disabled claimant qualifies under § 223 of the Act (42 U. S. C. § 423 (1964 ed., Supp. II)) and figures his primary benefits under § 215 of the Act (42 U. S. C. § 415 (1964 ed., Supp. II)).

The claimants who receive benefits as relatives of the disabled person who qualifies under § 223, figure their eligibility and amount of benefits under § 202 of the Act (42 U. S. C. § 402 (1964 ed., Supp. II); wife, § 202 (b); child, § 202 (d); widow, § 202 (e); widower, § 202 (f); mother, § 202(g); parent, § 202 (h)).

Section 202 of the Act describes in (b)(1) and (b)(2) the benefits payable to the wife on the disability of the husband, and in (d) (1) and (d) (2) the disability benefits of the child of the disabled claimant. The wife (§ 202 (b)(1)(A)) and the child (§ 202 (d)(1)(A)) may

---

of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."

[2] "Petitioner," as used in this opinion, refers to Raymond Hopkins, the Social Security claimant. The interest involved in the case, as it reaches this Court on the issue of the proper amount of the attorney's fee, is, however, that of Hopkins' attorney, Allen Sharp.

file for these benefits. But they need not always do so themselves,[3] for the Act makes the right to such benefits dependent primarily on the status and condition of those dependent persons.

The wife and child each compute their benefits on the basis of a percentage share of the disabled claimant's primary benefits determined under § 223. See §§ 202 (b)(2)[4] and 202 (d)(2). The maximum family benefit depends upon the amount of the primary benefit to which the disabled claimant is entitled. See §§ 215 (a) and 203 (a). The scheme of the Act thus proceeds from a recognition of an intimate relationship between the varying amounts of benefits due the disabled claimant and his dependents.

Hopkins was receiving disability payments under § 223 between March 1961 and December 1962; his wife and two children were also receiving benefits during this same period as dependents of a recipient of disability payments (§ 202). In December 1962 these benefits were terminated, on the ground that petitioner was no longer "disabled" within the meaning of the Act. Petitioner exhausted his administrative remedies, and then sought review in the District Court. The District Court's order reversed the administrative decision as to disability.

---

[3] See 20 CFR §§ 404.603–404.604. Nor are the wife and children required to become parties to proceedings on review of an administrative determination. See 42 U. S. C. §§ 405 (b) and (g); and 20 CFR §§ 404.909–404.910; 404.916–404.919; 404.945; 404.951.

[4] The Social Security Amendments of 1967 changed former § 202 (b) to read:

"Except as provided in subsection (q), such wife's insurance benefit for each month shall be equal to whichever of the following is the smaller: (A) one-half of the primary insurance amount of her husband (or, in the case of a divorced wife, her former husband) for such month, or (B) $105." Pub. L. No. 90–248, § 103 (Jan. 2, 1968).

And pursuant to this order the Director of the Bureau of Disability Insurance wrote petitioner as follows:

"Based on the recent amendments to the Social Security Act, you are entitled to receive $123.10. Your wife and the two children are each entitled to receive $51.50. These new monthly rates are effective beginning January 1965.

"Section 206 (b)(1) of the Social Security Act provides that [y]our attorney may ask the court to approve a fee not to exceed 25 percent of past-benefits due you. We are, therefore, withholding the amount of $936.20, which represents 25 percent of your past-due benefits of $3,744.00 pending action by the court on the amount of the attorney fee. The amount withheld will be applied against the fee set by the court and will be mailed directly to your attorney; any remaining amount will be sent to you.

"Benefit payments for you and your wife will continue to be combined. The next husband-wife check will be for $5,032.60. This represents payment for January 1963 through December 1965. You will receive this check within a few days. After that, the regular monthly check for $174.60 will be sent shortly after the month for which it is payable.

"The children's check for the period of January 1963 through December 1963, [sic], in the amount of $3,463.50, will be sent to you shortly. After that, their monthly, regular check for $103.00 will be sent to you as usual."

Section 206 (b)(1), restricting the amount of an attorney's fee, speaks of "the past-due benefits to which the claimant is entitled." Respondent argues that only a plaintiff can satisfy such a description, not a nonparty. It is also urged that dependents who are not

joined as parties have not received a judgment and that the benefits accruing to the wife and the children are not benefits to which the husband, the only claimant, is "entitled" within the meaning of § 206 (b)(1).

That seems to us to be too technical a construction of the Act which we need not adopt. In this instance, proof of the husband's "claim"[5] results in a package of benefits to his immediate family; and those benefits inure to the benefit of the head of the family who files the "claim."

The legislative history of § 206 (b)(1) speaks of the desire of Congress to reduce "contingent fee" arrangements and to restrict an attorney's fee to an amount "not in excess of 25 percent of accrued benefits."[6] We find

---

[5] The record reveals that petitioner applied for benefits for his two children in his initial application for disability payments. Although that application did not encompass a claim for benefits on behalf of his wife, it is made clear in the application that his wife was also applying for benefits. It does not appear, however, whether the separate application for wife's benefits was filed by her or by petitioner on her behalf. See n. 3, *supra.* No question is raised concerning the propriety of the claims that were filed. Nor is this a case where any question has been raised concerning the right of the wife or children to benefits. Rather, the wife and children had been receiving them as dependents of a disabled person until they were terminated by respondent's erroneous decision that the husband was no longer disabled. When that decision was reversed by the District Court, the only impediment standing in the way of the receipt of past-due benefits by the wife and children was removed. In a realistic sense, then, the attorney was· representing fully the interests of the wife and children when he litigated the question of the husband's disability.

[6] S. Rep. No. 404, Pt. I, 89th Cong., 1st Sess., 122.

"It has come to the attention of the committee that attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these large fees result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of

nothing in the history of § 206 (b)(1) that would likewise restrict those "accrued benefits" to amounts owed the claimant, as distinguished from his dependents, *viz.*, the wife and the children.

*Reversed.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE and MR. JUSTICE BRENNAN join, dissenting.

As the Court recognizes, § 206 (b)(1) entitles the attorney of a Social Security benefits claimant to a fee "not in excess of 25 percent of the total of the past-due benefits to which the *claimant* is entitled by reason of such judgment . . . ." (Emphasis added.) The Court characterizes the normal and natural reading of this language as "too technical a construction . . . which we need not adopt." From the undisputed fact that benefits accruing to the dependents of a claimant inure to the benefit of the claimant as head of the family, the Court seems to conclude that it may read "claimant" to mean "claimant and his dependents." Because I see no justification for this result, either in the language of the statute or its history, I dissent.

Section 206 (b)(1) deals with the attorney's fees payable with respect to "a claimant under this title who was represented before the court by an attor-

the accrued benefits. Since litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, are payable if the claimant wins his case.

"The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for services rendered in connection with the claim; no other fee would be payable. . . ."

ney . . . ." The attorney may receive no more than 25% of the benefits payable to such a claimant "by reason of such judgment . . . ." Only plaintiffs can meet the § 206 (b)(1) definition of a "claimant." Therefore, dependents who are not joined as parties in a suit for past-due benefits are not "claimants," for they are not before the court, are not represented in court, and do not receive a judgment. In this case only petitioner, and not his wife and children, was the plaintiff in the court below. As is true in most such cases, petitioner's wife and children were determined in separate administrative proceedings to be dependents eligible for secondary benefits under § 202. Their entitlement to § 202 benefits should petitioner be found entitled to benefits under § 223 was not disputed and was not an issue before the court below. Since petitioner was the sole claimant before the court, and the only party for whom his lawyer provided representation in that court, I cannot escape the conclusion that the lawyer was only entitled to a maximum of 25% of the past-due benefits payable to petitioner. The situation might well be different in a case where the dependents were active plaintiffs before the court and where the primary claimant's attorney provided effective representation for the secondary claimants as well.

As the Court makes clear, the purpose of § 206 (b)(1) was to reduce contingent fee arrangements by limiting the maximum fees recoverable by attorneys. The Court somehow concludes that this clear legislative purpose militates for a construction of the statute which is against its clear wording and which has the result of once again permitting attorneys to obtain a very high percentage of the benefits payable to Social Security claimants. The legislative history, however, supports the plain language of the statute. Indeed, the Court fails to mention that this very case was generated initially by a claim

made by petitioner's lawyer that a contingent fee contract signed by petitioner, which would have given his lawyer 40% of the award, should be given effect because entered into prior to the passage of § 206 (b)(1). It was just such contingent fees that Congress meant to prohibit. By its present ruling the Court gives mere lip service to the legislative mandate while effectively undoing it in practice. For the foregoing reasons I respectfully dissent.