**Mrs. Amy Edith DAVIS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES of America, Defendant.**

**No. EC 6984–K.**

United States District Court,
N. D. Mississippi,
E. D.

Nov. 25, 1970.

John C. Ross, Jr., Corinth, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

### MEMORANDUM OPINION

KEADY, Chief Judge.

This action originally sought judicial review of the decision of the Secretary of Health, Education and Welfare (HEW) denying plaintiff disability benefits under the Social Security Act, 42 U.S.C. §§ 416 and 423. On motion of the Secretary before answer, the case was remanded and plaintiff's claim granted by the Secretary. Plaintiff thereupon moved this court for summary judgment based thereon and filed application for attorney's fees in this court. The Secretary responded, asking us to dismiss the case as moot and asserting that plaintiff was not entitled to any fee from this court since the benefits were obtained administratively and no "judgment" granting benefits was ever entered by the court.[1] After submission of briefs, the court determined that since plaintiff's counsel had never applied to the Secretary for an attorney's fee, the case was not yet ripe for decision by the court, and so informed the parties. Plaintiff's counsel now has filed as an exhibit to his motion for attorney's fees an Authorization From the Bureau of Hearings and Appeals to Charge and Receive a Fee in the amount of $74.90 for services rendered at the administrative level, which is precisely 25% of the net benefits paid to plaintiff after deduction of Workmen's Compensation benefits, and the case is now ripe for decision by the court on plaintiff's motion and application.

---

1. The statute authorizing attorney's fees is 42 U.S.C. § 406(b) (1), which reads as follows:

"(b) (1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."

The administrative regulation interpreting § 406 is 20 C.F.R. § 404.974.

We agree with defendant that plaintiff has received the benefits requested through the administrative process and that the complaint, as to benefits, is moot. The question of allowing an attorney's fee, however, is not foreclosed.

## I.

There appears to be a split of authority among the circuits on whether claimant's counsel is entitled to a fee for services performed before the district court where the case is remanded to the Secretary and benefits are awarded administratively. The Fourth Circuit has clearly held that such attorney's fees are allowable by the court for services performed before it, noting that the question of fees for services rendered in the administrative proceeding is for the Secretary and beyond the district court's jurisdiction.[2] The First Circuit also appears to favor this view.[3] At least one district court has ruled that § 406(b) (1) does not authorize the district court to award fees where the benefits were obtained from the Secretary alone and not directly from the court by "judgment".[4] An annotation in 22 A.L.R.3d 1081 entitled "Construction and Application of Attorney's Fee Provision (42 U.S.C. § 406(b) (1)) of Federal Social Security Act," cites a Fifth Circuit decision which the annotator interprets to have like effect.[5] We read the *Duke* case differently. In that case counsel for plaintiff obtained disability benefits after an administrative rehearing following a remand from the district court requested by the Secretary. Plaintiff's counsel then applied directly to the district court for his fee, bypassing the Secretary. The district court stated, in a very brief opinion, that counsel had not obtained a judgment from the district court and that, therefore, § 406(b) (1) was not applicable, but specifically refrained from ruling on the request for fee until counsel had first sought a fee from the Secretary for his services in the administrative proceeding. The Fifth Circuit, also in a very brief opinion, dismissed plaintiff's appeal on the ground that the district court's opinion was not a final decision, since it merely denied plaintiff's motion for summary judgment. Neither the district court nor the Fifth Circuit cited any of the First or Fourth Circuit cases allowing fees for services rendered in district court. For that reason we do not feel that *Duke* has the force of precedent, nor even of highly persuasive dicta since the obiter of the district and Fifth Circuit judges was spoken *before* the First and Fourth Circuit cases were decided to the contrary.

The leading Supreme Court case which construes the statute is the 5–3 decision in Hopkins v. Cohen, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968), in which the Court held that the words "benefits to which the claimant is entitled" should be liberally construed to include not only benefits received by claimant but also benefits received by his dependents due to his disability. Mr. Justice Douglas, speaking for the majority, stated that to restrict the word "claimant" to the party claiming disability would be "too technical a construction of the Act which we need not adopt." We feel that the word "judgment" in § 406(b) (1) should be liberally construed as was the word "claimant" in *Hopkins*. Since the filing of suit by plaintiff's counsel in district court was the action which prompted the remand to the Secre-

2. Ray v. Gardner, 387 F.2d 162 (4 Cir. 1967); Conner v. Gardner, 381 F.2d 497 (4 Cir. 1967); Britton v. Gardner, 270 F.Supp. 412 (D.C.Va.1967); Mauldin v. Gardner, 264 F.Supp. 370 (D.C.S.C. 1967); Sheppard v. Flemming, 189 F. Supp. 571 (S.D.W.Va.1960).

3. Gardner v. Menendez, 373 F.2d 488 (1 Cir. 1967). Prior to the 1965 amendment to the Social Security Act, courts had ruled they could grant fees even for administrative appearances. See *Menendez*, supra, at 490, citing Sparks v. Celebrezze, 342 F.2d 286 (5 Cir. 1965).

4. Haley v. Gardner, 259 F.Supp. 30 (D.C. Okla.1966).

5. Duke v. Gardner, 264 F.Supp. 187 (D.C. Ga.1967), appeal dismissed 387 F.2d 336 (5 Cir. 1967).

tary and his subsequent allowance of benefits, the processes of the court were used to obtain the award of benefits, and to that extent plaintiff's counsel should be entitled to reimbursement for his services rendered in the district court which set in motion the ultimate grant of benefits. This is particularly so since the Secretary is forbidden by law to allow any compensation to counsel for services rendered in court. Dawson v. Finch, 425 F.2d 1192 (5 Cir. 1970).

While without doubt § 406(b) (1) is a remedial statute whose purpose was to eradicate exorbitant contingent fees which some attorneys representing Social Security claimants had been charging, yet another purpose of the statute, entitled to equal weight here, is to assure attorney's fees sufficient to encourage capable representation of Social Security claimants. To deny fees in this court altogether, irrespective of services rendered in the district court, would tend to defeat that important purpose.[6]

For the above reasons we hold that a district court may award attorney's fees for services performed before it in addition to the fees for administrative representation awarded by the Secretary. We further hold, however, that counsel should apply to the Secretary first, and then apply to the court only if the fee allowed by the Secretary is for less than 25% of the benefits recovered by claimant. In no case should the aggregate of the two fees, if both are allowed, exceed 25% of the net benefits recovered. This ruling is not in conflict with *Duke* and is in keeping with the First and Fourth Circuit precedents cited above, which, although not expressly adopting such limitation, did not allow the aggregate of the two fees to exceed 25% of the net recovery. The Fifth Circuit also now appears to have given at least tacit approval to such "joint" or aggregate awards. Dawson v. Finch, supra.

## II.

Concerning the amount of attorney's fee sought in this case, plaintiff contends that we should allow up to 25% of the gross benefits *before* subtraction of the state Workmen's Compensation award, which significantly reduced plaintiff's net award. Defendant urges the contrary on the ground that the net award is what claimant actually received and to allow 25% against the gross benefit rather than the net recovery would violate statute's plain purpose of limiting fees to 25% of the sum actually received by claimant. Defendant also points out that in cases where a claimant had already paid an attorney for representing him in the Workmen's Compensation hearing, the procedure presently suggested by plaintiff's counsel would force the claimant to pay two attorney's fees for a single recovery.

The recent decision of District Judge Orma R. Smith in Bailey v. Finch, 312 F.Supp. 918 (N.D.Miss.1970), settled for us the proposition that Workmen's Compensation awards must be deducted from Social Security disability benefits recovered for the same injury under 42 U.S.C. § 424a. As plaintiff has acknowledged, the Bailey case is authoritative in this district. Defendant rightly contends that it would be unconscionable to allow a claimant's attorney to recover fees based on the gross award before deduction of the Workmen's Compensation, for in many cases a substantial portion of the actual recovery would be consumed in counsel fees and the actual "benefit" to claimant reduced to a merely minimal sum.

Since it appears that plaintiff's counsel is to receive from the Secretary a fee equal to 25% of the net benefits recovered, the motion for additional attorney's fees from the court must be denied and the complaint dismissed.

6. One district court has held that, in spite of the statutory language of § 406(b) (1) limiting fees in district courts to cases where a "judgment" was recovered in that court, that section does not divest a federal court of its inherent power to award a fee for services rendered before it. Britton v. Gardner, supra.