**Herman MARTIN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. C76–206K.**

United States District Court, D. Wyoming.

July 2, 1980.

---

**3.** Plaintiff's candidacy, for example, was publicized in the *Gendarme,* the publication of the St. Louis Police Officers Association, along with the notation that endorsement by the association would just be a formality. Also, plaintiff, as could all policemen, could be assigned to work anywhere in the City. He could easily be assigned to work in an area in which he is actively campaigning for office in his off-duty hours. Both of these situations arguably create conflicts of interest on the part of plaintiff and other officers.

**4.** Defendants also argue that the regulation in question is required by the Hatch Act. In view of the disposition above of plaintiff's arguments, this issue need not be reached. This Court would note, however, that were plaintiff's activities violative of the Hatch Act due to the Federal funds received by the Police Department, it is the United States Civil Service Commission which would enforce the Act, not defendants. See 5 U.S.C. § 1501 *et seq.*

Stanley K. Hathaway and Blair J. Trautwein of Hathaway, Speight & Kunz, Cheyenne, Wyo., for plaintiff.

Toshiro Suyematsu, Asst. U. S. Atty., for the District of Wyoming, Cheyenne, Wyo., for defendant.

KERR, District Judge.

ORDER REVERSING DECISION OF APPEALS COUNCIL OF DEPARTMENT OF HEALTH, EDUCATION AND WELFARE (With Findings)

The above-entitled matter coming on regularly for hearing before the Court upon an appeal by Herman Martin from an adverse decision of the Appeals Council of the Department of Health, Education and Welfare, the plaintiff appearing by and through his counsel, Stanley K. Hathaway and Blair J. Trautwein of Hathaway, Speight & Kunz, Cheyenne, Wyoming, and the defendant appearing by and through her attorney, Toshiro Suyematsu, Assistant United States Attorney for the District of Wyoming, and the Court having heard the arguments of counsel in support of and in opposition to the merits of said appeal, and having carefully considered the record, the memoranda briefs of the parties, and all matters pertinent thereto, and having taken said matter under advisement, and being fully advised in the premises;

FINDS that this is an appeal from a decision of the Secretary of Health, Education, and Welfare (Secretary), denying Social Security benefits to the claimant under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.

The claimant first applied for Social Security benefits on June 28, 1974. The application was denied initially. Upon reconsideration the application was again denied on April 25, 1975. A hearing was requested by the claimant and thereafter a hearing was held on March 9, 1976 before an Administrative Law Judge. Benefits were again denied. The Appeals Council affirmed the decision of the Administrative Law Judge on September 28, 1976. Upon review this Court remanded the case back to the Secretary for further consideration on June 3, 1977. In accordance with the Order of this Court, a second hearing was held on April 24, 1979 before another Administrative Law Judge. On September 18, 1979 benefits were again denied to the claimant. The Appeals Council affirmed on January 11, 1980. Claimant has utilized his remedy of appeal to this Court once again.

In 1944 Martin sustained a war wound in his right arm which resulted in a virtually non-functional right arm and hand. Tendons were removed from his left foot in an attempt to improve the condition of the right arm and hand. The attempt failed and claimant was left with substantial disability in the left foot, while the right arm and hand remained non-functional. Claimant also has degenerative cervical spondylosis and arthritis of the spine which have caused claimant great pain and discomfort which have increased with the passage of time.

While it is true that the standard of review governing this Court in Social Security cases is one of abuse of discretion and substantial evidence, such a standard does not require this Court to "rubber-stamp" the decision of the Secretary when the Court finds an abuse of discretion. Such an abuse has occurred in the instant case. 42 U.S.C. § 405(g); *Gardner v. Brian*, 369 F.2d 443(10th Cir. 1966).

In order to qualify for benefits, the claimant must establish that he is suffering from an impairment of such severity that it is impossible for the claimant to perform his former work after considering such factors as age, education and work experience. The claimant must also show that he is unable to work at other occupations in the national economy for which the claimant is qualified. 42 U.S.C. § 423(d)(1); *Valentine v. Richardson*, 468 F.2d 588 (10th Cir.); 423(d)(3) defines physical or mental impairment and states in pertinent part:

. . . a "physical or mental" impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

This Court shall examine the record as a whole in complying with the substantial evidence standard. *Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir. 1974).

Dr. Maa, a Denver neurosurgeon, stated in a letter dated October 26, 1976 that Mr. Martin is "completely and permanently disabled due to cervical arthritis and sixth disc nerve root problem." Dr. Maa further substantiated this diagnosis in an affidavit dated May 25, 1977 in which he stated that in his opinion "Mr. Martin is permanently disabled because of the combination of his right hand contracture and the constant aching pain and tingling in his neck, which involves his left forearm and hand." Furthermore, it is Dr. Maa's position that the condition "has been developing over a long period of time and probably predates Mr. Martin's application for disability benefits on June 28, 1974."

In a latter dated April 23, 1979 Dr. Songer, a medical doctor from Torrington, Wyoming confirmed Dr. Maa's analysis that the claimant suffers from a degenerative arthritis which probably was present for a number of years prior to 1976.

The government relies on a letter dated November 10, 1978 written by Dr. Davis of the Cheyenne Orthopedic Clinic to substantiate its view that there is conflicting medical evidence regarding Martin's condition. Taken in its entirety, the letter does not support the government's contention. In his letter of November 10, 1978 Dr. Davis confirms the fact that Martin has degenerative arthritis.

▇ Dr. Lammot is a medical advisor who was called into the case by the Administrative Law Judge. Dr. Lammot had not examined the claimant and was basing his answers at the hearing on what the other doctors who had examined Martin had in their records. This procedure appears to be a standard practice in this type of administrative proceeding. Dr. Lammot was not allowed to testify under cross examination what his opinion was in terms of Martin's disability because the Administrative Law Judge prevented his answering the question by declaring that that area was solely the Judge's province. Clearly this was error. See, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Regardless, there was nothing in Dr. Lammot's testimony to contradict the evidence submitted by Dr. Maa, Dr. Songer or Dr. Davis. Furthermore, Dr. Lammot testified that there is a physiological basis for the pain which Martin complains of.

▇ Pain is a subjective question and the Social Security Act and the case law do not require objective proof that such pain exists. *Celebrezze v. Warren*, 339 F.2d 833 (10th Cir. 1964) noted that the term "disabled" does not mean "completely helpless." The standard to be used in determining disability is that of the individual claimant and not that of the hypothetical average man. The Court went on to state that pain does not have to be objectively proven. The claimant in the *Warren* case suffered from migraine headaches and there was little, if any, objective proof of the pain. Even so, the Court reversed the Secretary. In the case at bar, Dr. Lammot, the medical doctor called in by the Administrative Law Judge, admitted that there was a physiological basis for the pain. This finding only confirmed the findings of Dr. Maa, Dr. Songer and Dr. Davis. There is no basis for the finding of the Administrative Law Judge that "claimant's allegations of pain are not felt to be fully convincing, in light of the lack of supporting objective medical findings."

▇ Martin has an 8th grade education and has worked as a gas station operator, janitor, insurance salesman, and car parts salesman. According to the vocational expert, Dr. Blake, Martin is qualified to do sedentary or light work. Dr. Blake only considered physical and educational demands when classifying Martin as to the type of work he could do. No consideration

was given to the effect of pain on the claimant's ability to do work. In determining job availability, the standard which governs is one of "reasonable availability". *Gardner v. Brian*, 369 F.2d 443 (10th Cir. 1966). In the *Brian* case the Court described "reasonable availability" by stating:

> This is not to say that the Secretary has the "duty of finding a specific employer for a specific job". It does mean that "once the claimant has shown inability to perform his usual vocation, the burden falls upon the Secretary to show the [reasonable] availability of suitable positions." *Haley v. Celebrezze*, 10th Cir., 351 F.2d 516. This burden is not met by the production of a catalog of the nation's industrial occupations and proof that the claimant would be capable of performing one or more of the enumerated occupations if available. The Secretary must show reasonable availability and the claimant is not required to negative his capacity to do every possible job in the catalog.

Martin demonstrated his inability to perform his prior vocations. The claimant was dismissed from his job as auto parts salesman because he couldn't carry things and do the work due to his impaired right hand, left foot and arthritic pain. The combination of his impairments and the resulting pain prevent the claimant from working in his prior occupations.

A catalog such as that described in *Brian*, supra, was used at the claimant's hearing before the Administrative Law Judge. Under cross-examination, Dr. Blake admitted that most of the jobs she had enumerated as possible jobs for Martin were not available in this area of the country. She further admitted that an individual who could in essence only work part-time is virtually unemployable in terms of the jobs she had described as available for Martin.

█ The standard in determining what a claimant is able to do is based on the individual claimant and not on what other individuals could or could not do with the same impairments as the claimant. *Greene v. Weinberger*, 391 F.Supp. 632 (E.D.Pa.1975).

Considering the testimony in entirety, the vocational expert failed to establish reasonable or tangible employment opportunities for the claimant. See, *Grable v. Secretary of Health, Education and Welfare*, 442 F.Supp. 465 (W.D.N.Y.1977).

The government raises the date of March 31, 1976 as the last time the claimant met the special earnings requirement for disability insurance benefits under Title II of the Social Security Act. Although there appears to be no evidence supporting said date, the Circuit Court of Appeals for the Tenth Circuit has stated that evidence of a later existence of disease, particularly one which is shown to be slow and progressive, is relevant evidence even though it may not be entitled to the same weight. *Thompson v. Secretary of Health, Education and Welfare*, Slip Opinion, 10th Circuit, No. 77–1396 (1978). The affidavit of Dr. Maa is dated after the alleged time when claimant last met the special earnings requirement. However, the statements of Dr. Maa are not contradicted by any other evidence in the record and, therefore, his statements stand unrefuted regardless of the fact that they postdate the time when the claimant allegedly met the special earning requirements.

█ The purpose of the Social Security Act is remedial. *Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir. 1974); *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38 (2nd Cir. 1972).

█ The Supreme Court in the case of *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) described the statutory standard of "substantial evidence" in Social Security cases as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." In the case at bar the overwhelming evidence does not support the conclusion reached by the Administrative Law Judge. To the contrary, the evidence overwhelmingly supports the payment of benefits to the claimant. Therefore, the decision of the Secretary is arbitrary, capricious and con-

trary to substantial evidence received at the hearing.

42 U.S.C. § 406(b)(1) authorizes this Court to award attorney fees and states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 per cent of the total of the past due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The legislative history of § 406(b)(1) indicates that Congress was concerned that claimants in Social Security cases would be unable to obtain adequate legal counsel. Congress also wished to prevent inordinate fee claims by those attorneys who did take this type of case. See, *Hopkins v. Cohen*, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968).

■ The claimant in this case was represented by counsel at the second administrative hearing before the Administrative Law Judge. Counsel has also filed three appeals on behalf of the claimant, once to the Appeals Council and twice to this Court.

NOW, THEREFORE, IT IS ORDERED that the decision of the Secretary of Health, Education, and Welfare, denying Social Security benefits to the claimant be, and the same is, hereby reversed; it is

FURTHER ORDERED that the Secretary of Health, Education, and Welfare shall forthwith compute the benefits to which claimant is entitled and shall immediately disburse said benefits to said claimant; it is

FURTHER ORDERED that the Secretary of Health, Education, and Welfare cer-

tify 25 per cent of the total of past due benefits to which the claimant is entitled for payment to claimant's attorney as a reasonable fee for representation of said claimant.