Frederick SHINN and Darla Shinn, by their parent and next friend, LaVonne Jill SHINN, Appellants,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 89–2641.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1990.

Decided Oct. 2, 1990.

Robert L. Mark, Hannibal, Mo., for appellants.

Esther Scherb, Baltimore, Md., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

In this Social Security case, LaVonne Shinn appeals from the district court's[1] dismissal of her action for dependent benefits for her children that were withheld to pay attorney's fees. Although the district court dismissed for want of jurisdiction, we find that we have jurisdiction, and we affirm the dismissal on the merits.

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

## I.

An Administrative Law Judge (ALJ) of the Social Security Administration (the agency) found the wage earner, Paul Shinn, entitled to disability benefits. La-Vonne Shinn, Mr. Shinn's ex-wife, applied for benefits on behalf of their children. The Secretary of Health and Human Services (the Secretary) notified Mrs. Shinn of the award of benefits and indicated that twenty-five percent of the past-due benefits payable to the children would be withheld for possible payment to Mr. Shinn's attorney.

The agency denied Mrs. Shinn's request for reconsideration of the withholding of attorney's fees. At a later hearing, an ALJ permitted withholding twenty-five percent of all past-due benefits on Mr. Shinn's earnings record, including those of his dependents. Upon Mrs. Shinn's request for review of the ALJ's decision, the agency's Appeals Council held that the issue of withholding attorney's fees from benefits was not a proper subject for administrative or judicial review under the Secretary's regulations, dismissed the request for a hearing, and vacated the ALJ's decision.

Mrs. Shinn then filed a complaint in federal district court on behalf of the Shinn children. A United States magistrate considered the merits of Mrs. Shinn's complaint and recommended dismissal for lack of jurisdiction. The district court dismissed the complaint, and Mrs. Shinn now appeals.

## II.

■ Federal jurisdiction over Social Security Administration actions is limited to review of "any final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). The Secretary argues that dismissal of any request for a hearing before the Appeals Council is not a "final decision" within the meaning of the Social Security Act, based on his interpretation of *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

We read *Sanders* to stand for the proposition that a petition to reopen a claim for benefits can be ruled on without a hearing and therefore is not a final decision. *Turner v. Bowen*, 862 F.2d 708, 709 (8th Cir. 1988). The *Sanders* Court found Congress' intent was "to limit judicial review to the original decision denying benefits." *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986. The Court recognized that claimants raising challenges to the denial of benefits on constitutional grounds would have access to the federal courts. *Id.* at 109, 97 S.Ct. at 986. *See also Bullyan v. Heckler*, 787 F.2d 417, 419 (8th Cir.1986).

We do not read *Sanders* as holding that every dismissal of a request for a hearing is a decision that is not final within the meaning of the Act. Rather, the *Sanders* Court directed its attention to the problem of recurrent petitions to reopen a denial of benefits. *Sanders*, 430 U.S. at 108, 97 S.Ct. at 985–86. By denying a claimant the right to obtain judicial review simply by filing, and then appealing from the denial of, a petition to reopen his claim, the Court recognized and respected Congress' policy choice of a procedure "designed to forestall repetitive or belated litigation of stale eligibility claims." *Id.*

The Secretary's regulations provide that when a claimant has completed all of the steps of the administrative review process, the Secretary has made his final decision. 20 C.F.R. § 404.900(a)(5). Mrs. Shinn completed the steps in the administrative process by (1) receiving the award letter as an initial determination; (2) requesting reconsideration of the withholding of attorney's fees; (3) receiving a hearing before an administrative law judge; and (4) requesting Appeals Council review. The review process having been completed, the decision is final under the Secretary's own regulatory scheme. The Secretary now argues that the vacation of the ALJ's determination in the third step of the review process revokes the finality of the decision of the agency. We do not agree. Having established the procedure by which a claimant may obtain a final decision, the Secretary is now bound by it.

■ The Secretary also argues that the determination of attorney's fees is not an

"initial determination" and thus is not subject to administrative or judicial review. Initial determinations are decisions which "state the important facts and give the reasons for our conclusions." 20 C.F.R. § 404.902. The Secretary's regulations provide that:

> Administrative actions that are not initial determinations may be reviewed by [the agency], but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions include, but are not limited to, an action—
>
> \* \* \* \* \* \*
>
> (f) Determining the fee that may be charged or received by a person who has represented [the claimant] in connection with a proceeding before [the agency].

20 C.F.R. § 404.903.

Mrs. Shinn contends that her lawsuit is not about "determining the fee" of the attorney that represented Mr. Shinn. Rather, she argues that withholding a percentage of the children's benefits pursuant to 42 U.S.C. § 406(a) constitutes an assignment of benefits in violation of 42 U.S.C. § 407. It is the act of withholding that she disputes, not the amount of the fee.

Our decision in *Copaken v. Secretary of Health, Ed. & Welfare,* 590 F.2d 729, 731 (8th Cir.1979) leads us to conclude that "determining the fee" within the meaning of 20 C.F.R. § 404.903(f) refers to the amount awarded to the attorney out of withheld benefits and not to the Secretary's action in withholding those fees from past-due benefits. *See also Cuthbert v. Secretary, Dep't of Health and Human Serv.,* 784 F.2d 1157, 1159 (4th Cir.1985). Under the Secretary's interpretation of 20 C.F.R. § 404.903(f), a claimant would be precluded from obtaining judicial review of a final decision on the withholding of an attorney's fee, a limitation on our jurisdiction that we conclude could not have been intended by Congress.

### III.

 On the merits, we conclude that Mrs. Shinn's appeal must fail in the light of the Supreme Court's decision in *Hopkins v. Cohen,* 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968), which held that the benefits from which an attorney's fee is withheld under section 406 include not only the wage earner's past-due benefits, but those of his dependents as well. *Hopkins,* 390 U.S. at 534, 88 S.Ct. at 1148–49. The *Hopkins* Court found that "proof of the husband's claim results in a package of benefits to his immediate family," thus the attorney was representing the interests of the whole family when litigating the question of the husband's disability. *Id.* Mr. Shinn's attorney is therefore entitled to twenty-five percent of the entire award of benefits based on Mr. Shinn's work record, including benefits to the Shinn children.

We have considered, and find to be without merit, Mrs. Shinn's argument that recent amendments to the Social Security Act that were enacted to facilitate enforcement of orders for child support preclude an award of attorneys' fees out of a dependent child's past-due benefits.

The district court's judgment is affirmed.