

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-1996

# In Re: Unisys Corp

Precedential or Non-Precedential:

Docket 96-1100,96-1156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"In Re: Unisys Corp" (1996). *1996 Decisions.* Paper 44.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/44

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Nos. 96-1100 and 96-1156


IN RE:  UNISYS CORP. LONG-TERM DISABILITY PLAN ERISA LITIGATION

JOHN B.G. ROBERTS, III; PATTY GUERRANT, as Personal
Representative of the Estate of Jackson Guerrant;
RICHARD STARK; MARGARET C. ROELLER, as Personal
Representative of the Estate of Eugene Roeller,
as representatives of the certified plaintiff class,
and JOHN B.G. ROBERTS, III, acting individually,

Appellants in No. 96-1100


FRANCES MCFEELY, Administratrix of the Estate
of John McFeely

Appellant in No. 96-1156


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(MDL-938)


Argued:  August 15, 1996

BEFORE:  GREENBERG and ALITO, Circuit Judges, and
DEBEVOISE, Senior District Judge*

(Filed:  October 9, 1996)



*Honorable Dickinson R. Debevoise, United States Senior District
Judge for the District of New Jersey, sitting by designation.

Leonard N. Bebchick (Argued)
888 Sixteenth Street, NW
Washington, DC   20006

    Attorney for Appellants, John B.G. Roberts, III;
    Patty Guerrant, as Personal Representative of the
    Estate of Jackson Guerrant; Richard Stark;
    Margaret C. Roeller, as Personal Representative of
    the Estate of Eugene Roeller, as representatives of
    the certified plaintiff class, and John B.G. Roberts, III,
    acting individually,

Spencer Steele
3000 Marcus Avenue, Suite 3E3
Lake Success, NY   11042

    Attorney for Appellant, Frances McFeely, Administratrix
    of the Estate of John McFeely

Laurence Z. Shiekman
Brian T. Ortelere (Argued)
Pepper, Hamilton & Scheetz
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA   19103-2799

Joseph A. Teklits
Unisys Corporation
P.O. Box 500, C2NW14
Blue Bell, PA   19424-0001

    Attorneys for Appellees, Unisys Corporation and
    The Unisys Long-Term Disability Plan

Robert C. Johnson
Gerald E. Fradin (Argued)
Sonnenschein Nath & Rosenthal
8000 Sears Tower
Chicago, IL   60606

    Attorneys for Appellee, The Travelers Insurance Company


                    OPINION OF THE COURT


DEBEVOISE, Senior District Judge.

    This appeal requires interpretation of the "Income from Other Sources" provision of the Unisys Corporation Long Term Disability Plan (the "LTD Plan" or the "Plan").  The provision advises the Plan participant that the "benefits you receive may be adjusted if you receive pension benefits from ... other sources."

    Appellants, employee-participants in the Plan, contend that only benefits they themselves receive from other sources may be deducted from Plan benefits.  Unisys, on the other hand, contends that deductions must be made not only for benefits the participants receive from other sources but also for benefits which participants' dependents receive from other sources.

    The district court, agreeing with Unisys, granted summary judgment in favor of Unisys and in favor of Travelers Insurance Company, the administrator of claims requests.  This appeal

followed.

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and under 29 U.S.C. §§ 1132(e)(1) and 1132(f) (jurisdiction of participants' claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.). We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Review of the grant of summary judgment is plenary.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

Unisys is the product of the merger in September 1986 of the Burroughs Corporation ("Burroughs") and the Sperry Corporation ("Sperry"). Each of those corporations had, prior to the merger, long term disability ("LTD") plans. Each of the former plans provided that the employer must adjust benefits by (i) the Social Security disability benefits paid to the participants and (ii) the Social Security benefits to which the participants' spouses and children were entitled on account of the participants' disability.

The language providing for each kind of deduction was explicit. The Burroughs LTD Plan effective January 1, 1984 provided that monthly benefits were to be reduced by the amount of Other Income Benefits. Other Income Benefits included "[i]ncome benefits available under ... [t]he Federal Social Security Act ... including benefits available thereunder to or for any and all of your dependents ... on account of your disability...." (App. at 533-34). (Emphasis added).

The Sperry LTD Plan called for a reduction from monthly benefits of Other Income Benefits. "Other Income Benefits" included:

> 5. The amount of disability or retirement benefits under the United States Social Security Act, The Canada Pension Plan, or the Quebec Pension Plan, or any similar plan or act, as follows:
>
> a. disability benefits for which:
>
> i. you are eligible, and
>
> ii. your spouse, child or children are eligible because of your disability;
> ....

(App. at 565). (Emphasis added).

Upon the merger of Burroughs and Sperry the resulting corporation, Unisys, proceeded to draft a new plan for the employees of the constituent corporations. The new LTD Plan became effective on April 1, 1988, but the drafting process continued for a considerable period of time thereafter.

In August 1988 Travelers, at Unisys' request, prepared and forwarded to Unisys a draft of the proposed text of the LTD Plan. The draft, in the form of a marked-up printer's proof dated June 20, 1988, contained an "Income from Other Sources" text that expressly provided for the offset of LTD benefits by the amounts

of dependent Social Security benefits.  (App. at 455-56).

At the same time Unisys' Director of Benefit Programs and Planning, Mary Massman, undertook to draft a number of benefit plans including a new LTD Plan.  She drew heavily upon the Burroughs and Sperry plans, "cut and pasted" them and produced the new Unisys LTD Plan document.  This document was adopted rather than the proof which Travelers had provided.

Under the Unisys LTD Plan as prepared by Ms. Massman, employees could elect to participate by agreeing to pay the applicable rates for coverage.  The Plan is fully funded by employee contributions.  Participants qualifying for LTD benefits would receive "66-2/3% of your pay if you are totally disabled." Benefits "continue for so long as you are totally disabled, until you recover or reach the maximum benefit period."  (App. at 316-17).

The income from other sources language differed significantly from the language of the Sperry and Burroughs Plans and from the language of the Travelers proof.  The new LTD Plan did not provide in so many words for a deduction of Social Security benefits paid to dependents.  Its income from other sources provision read:

> The LTD you receive may be adjusted if you receive pension benefits from Unisys and/or disability income from other sources, such as Social Security, Workers' Compensation or state disability benefits.  If the combination of benefits from these sources and the Unisys LTD Plan equals more than 75% of your pay, the Unisys LTD benefit will be reduced to bring the total benefit from all sources to this 75% level.  Regardless of this feature, if you qualify for an LTD benefit, you will receive at least $100 per month from the Plan.

(App. at 316).  (Emphasis added).

At her deposition Ms. Massman testified that this language was intended to include adjustments for Social Security benefits received by dependents as well as by the disabled employee:

> A.  Okay.  It was always the intent of the company that if income was payable by virtue of a disability of one of our participants that that income would be taken into account in determining the offset. Because it was only payable by virtue of the fact that the person was disabled.
>
> Therefore, it didn't seem necessary to stipulate the difference between the two.  Because it was only being paid because our participant was disabled.
>
> So it was always our intent to offset the individual and the family Social Security disability benefit.

(App. at 495).

> A.  Because an individual or a family member would have received no Social Security absent that disability.

> To me it was a source of income, that was the sole
> result of the fact that our participant was disabled.
> Therefore, it did not seem necessary to specify
> separately 'family' or 'individual'.
>
>                     .   .   .
>
> Q. As I understand your testimony, the words 'family' or
>    'dependent' were not used because you just didn't feel
>    it was  necessary?
>
> A. That's correct.
>
> Q. All right.  The matter was clear.
>
> A. It was very clear to me.

(App. at 488).

Unisys, as Plan administrator, had the right to interpret the Plan's terms:

> The Plan administrator has authority to control and manage
> the operation and administration of the plans.
>
>                     .   .   .
>
> The administrator for processing benefit requests will pay
> benefits in accordance with the terms of the plans.  All
> final decisions with respect to the administration and
> interpretation of the terms of the plan, however, remain
> with the plan administrator.

(App. at 320A, 320B).

After the Plan became effective in April 1988 Unisys distributed explanatory materials to its employees.  Its 1991 Enrollment Guide issued in the fall of 1990 provided the first notice to all employees that LTD benefits were reduced by dependent Social Security benefits.  There was no modification at that time of the text of the LTD Plan or of its Summary Plan Description.  The 1992 Enrollment Guide did not contain a comparable notification.

In the spring of 1993, with effect from January 1, 1993, Unisys republished its LTD Plan.  This document expressly states that benefits are subject to reduction by amounts of dependent Social Security awards.  Unisys asserts that the new language expressed a continuation, rather than a change, of an existing provision.

From the outset, upon Unisys' instructions, Travelers reduced benefits payable under the Plan by the amounts of Social Security benefits payable not only to Plan participants but also by the amounts payable to dependents.  Until early 1991, when questioned about the appropriateness of the deductions on account of dependent benefits, Travelers supported its practice by

sending to the claimant a copy of the printer's proof, representing that it constituted the text of the LTD Plan. This proof was not the text of the Plan and had never been adopted by Unisys.

### B. Procedural History

The present proceedings evolved from two complaints filed on behalf of Unisys employees who claimed that their disability benefits had been wrongfully reduced on account of Social Security benefits awarded to their dependents. The Roberts case, a class action, was filed in the District of Columbia. The McFeely case, also a class action, was filed in the Supreme Court of the State of New York.

The Roberts complaint asserted four claims: Claim I sought recovery from the Plan for its reduction of LTD benefits contrary to Plan provisions. Claim II sought to require Unisys and Travelers to make the Plan whole for the payment on the ground that it was occasioned by their breach of fiduciary duties in administering the Plan. In Claim III Roberts sought on his own behalf injunctive relief requiring Unisys and Travelers to establish appeals procedures which comply with applicable law. In Claim IV Roberts sought on his own behalf statutory penalties for Unisys' failure timely to provide requested Plan documents.

By stipulation and order in the Roberts case the class was certified, the case was transferred to the Eastern District of Pennsylvania, and four additional persons were permitted to intervene as class representatives.

The McFeely action, which asserted claims which tracked Claims I and II of the Roberts case, was removed to the Eastern District of New York. The Panel on Multi-District Litigation ordered it transferred to the Eastern District of Pennsylvania where it was consolidated with the Roberts case.

After completion of discovery the Roberts class representatives moved for summary judgment on class Claim I. Unisys moved for summary judgment on class Claims I and II. Travelers moved for summary judgment on class Claim II, the only claim asserted against it. The district Court rendered a decision in January 1994.

The Unisys LTD Plan provided that "[t]he Benefit you receive may be adjusted if you receive pension benefits from Unisys and/or disability income from other sources, such as social security...." The district court found that "the language in dispute is not facially ambiguous" and thereupon engaged in an analysis prescribed in Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001 (3d Cir. 1980). Applying Pennsylvania law, Mellon Bank ruled that it is the obligation of the judge "to hear the proffer of the parties and determine if there is objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of differing meanings." Id. at 1011. The object of the district court's inquiry, of course, was to determine if, despite its facial lack of ambiguity, the language "benefits you [the Plan participant] receive" was reasonably susceptible of meaning "benefits you [the Plan participant] and your dependents receive".

The district court relied upon several linguistic reference points: (i) "... the linguistic reference point is, in part, the manner in which dependent social security benefits had been treated in the prior plans of Burroughs and Sperry." (Slip Op. at 5); (ii) "... another linguistic reference point is the social security benefits available to a plan participant, what triggers their availability and the purpose they serve." (Slip Op. at 5); (iii) "[w]hen reading the deposition of Mary Massman, the Director of Benefit Programs and Planning for Unisys, and the person who drafted the present plan, the linguistic reference point of Unisys' interpretation that social security benefits include primary as well as dependent benefits, is further clarified." (Slip Op. at 6).

Relying on these "linguistic reference points", the district court concluded, "... the term 'you receive' as it appears in 'Income From Other Sources' is subject to reasonable alternative interpretations, one of which is set forth in plaintiff's brief, the other in defendant's brief. In short, the words in the above text are ambiguous." (Slip Op. at 7).

Having found ambiguity, the district court noted that the Plan provides that all decisions with respect to its interpretation remain with Unisys, the Plan administrator. The court applied the deferential standard of review prescribed by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), to the effect that in these circumstances a determination of the plan administrator must be upheld unless it was arbitrary and capricious. The court found that Unisys' interpretation was not arbitrary and capricious.

Having reached these legal and factual determinations the district court denied plaintiffs' motion for summary judgment on Claim I (the Plan interpretation claim) and granted Unisys' motion for summary judgment on that claim. Since Claim II against Unisys and Travelers (the breach of fiduciary duty claim) was based upon the premise that Unisys and Travelers acted contrary to the clear and unambiguous provisions of the Plan, that claim could not survive in light of the disposition of Claim I. Therefore the district court granted Unisys' and Travelers' motions for summary judgment on Claim II.

We conclude that the district court erred in its application of Mellon Bank and its progeny and that the language of the "Income From Other Sources" provision of the Unisys LTD Plan is unambiguous. It requires (for the period prior to the Plan's January 1, 1993 amendment) adjustment for benefits which the Plan participants receive from other sources; it does not require (or permit) adjustment for benefits which participants' dependents receive from other sources. Consequently the order granting summary judgment in favor of Unisys on Claims I and II and the order granting summary judgment in favor of Travelers on Claim II will be reversed. The case will be remanded with directions to enter judgment in favor of the class plaintiffs on Claim I and for further proceedings on Claim II and the remaining areas of dispute on Claim III in accordance with this opinion.

## II. DISCUSSION

The provision which is at issue in this case reads:

The LTD benefit you receive may be adjusted if you receive pension benefits from Unisys and/or disability income from other sources, such as Social Security....

Whether an ERISA plan is ambiguous is a question of law. Alexander v. Primerica Holdings, Inc., 967 F.2d 90, 92 (3d Cir. 1992). "The strongest external sign of agreement between contracting parties is the words they use in their written contract. Thus, the sanctity of the written words of the contract is embedded in the law of contract interpretation." Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001, 1009 (3d Cir. 1980).

As the district court acknowledged, "the language in dispute is not facially ambiguous." On their face the words "benefits you receive" mean benefits which the Plan participants receive. They do not mean benefits which the Plan participants and the Plan participants' dependents receive. This usage is consistent with the language used throughout the Plan. "You" refers to the participant. When a dependent is referred to, the reference is explicit.

In Mellon Bank the court recognized that there may be some situations where the parties use words differently from their common meaning. To address that possibility the judge will "hear the proffer of the parties and determine if there is objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings." Id. at 1011. However, the court warned that "our approach does not authorize a trial judge to demote the written word to a reduced status in contract interpretation. Although extrinsic evidence may be considered under proper circumstances, the parties remain bound by the appropriate objective definition of the words they use to express their intent.... Trade terms, legal terms of art, numbers, common words of accepted usage and terms of a similar nature should be interpreted in accord with their specialized or accepted usage unless such an interpretation would produce irrational results or the contract documents are internally inconsistent." Id. at 1013.

Benefit offsets are common features of LTD plans. There is an almost even split among Fortune 500 company LTD plans between those which provide for offsets of only the employee's Social Security disability benefits and those which also provide for the offset of family Social Security disability benefits. (App. at 619). It is a simple task of draftsmanship to specify which offsets are applicable in any particular plan.

There is no evidence in the record which supports Unisys' argument that the words "benefits you receive" are susceptible of the meaning "benefits you and your dependents receive." Two of the linguistic reference points upon which the district court relied to find ambiguity (the language of the prior plans and Social Security disability benefit practices) actually support appellants' position that there is no ambiguity in the language used. The third linguistic reference point upon which the court relied is the testimony of the drafter of the Plan (Ms. Massman) that she intended to provide for the offset of dependent

benefits.

The manner in which dependent social security benefits had been treated in the prior plans of Burroughs and Sperry is not a linguistic reference point justifying a departure from the facial meaning of the Unisys Plan.  Both the Burroughs and the Sperry plans contained language which specifically provided for dependent offsets.  The absence of such language in the Unisys Plan simply confirms the plain meaning of "benefits you receive." It does not include dependent benefit offsets.

Nor are the Social Security benefits available to plan participants a linguistic reference point creating ambiguity in the Unisys Plan.  Social Security disability benefits are of two kinds – those awarded to the disabled person and those awarded to the disabled person's dependents.  The statutory provisions grant directly to wives and children (including divorced wives and children not living in the household of the disabled person) Social Security disability benefits.  42 U.S.C. §§ 402(b) and 402(d).  The statute provides that they "shall be entitled" as individuals in their own right to such benefits, a right spelled out in the regulations – 20 C.F.R. §§ 404.330–404.333 for wives and 20 C.F.R. §§ 404.351–404.369 for children.  These payments are deemed to be the property of the wife or child.

Because of the twofold nature of Social Security disability awards – primary and dependent – LTD plans must specify whether one or both kinds of awards are to be offset from plan benefits. The Social Security disability award structure does not create ambiguity in the Unisys Plan.  Rather it confirms that the Plan's language unambiguously provides for the offset of primary Social Security benefits and not dependent benefits.

To rely upon Ms. Massman's testimony as a linguistic reference point is to fall into the trap which Mellon Bank warned against:  "... in order to interpret contracts with some consistency, and in order to provide contracting parties with a legal framework which provides a measure of predictability, the courts must eschew the ideal of ascertaining the parties' subjective intent and instead bind parties by the objective manifestations of their intent."  Id. at 1009.  The fact that while Ms. Massman was cutting and pasting the Burroughs and Sperry plans she intended to include dependent benefits in "benefits you receive" is irrelevant.  If the Plan language were in fact ambiguous the subjective intent of the Plan's sponsor might, along with other evidence, be relevant in ascertaining its meaning.  Alexander v. Primerica Holdings, Inc., 967 F.2d 90, 96 (3d Cir. 1992).  However, the undisclosed, subjective intent of the draftsman cannot be relied upon to render unambiguous language ambiguous.

Unisys argues that Plan participants "both literally and figuratively 'receive' their dependents' Social Security benefits."  (Unisys Br. at 6).  Unisys notes that in the usual case a participant will benefit from the fact that his dependent receives a Social Security award because it will assist him in meeting his support obligation to his dependent.  Unisys further notes that in some situations, such as when a dependent is a minor, Social Security benefits may be paid directly to the

participant to hold for the dependent.

These observations do not change the meaning of the Plan language. If offsets were to be made whenever the Plan participant benefited from a Social Security award to another person, the Plan language would have so stated. Not all dependent Social Security awards result in an incidental benefit to the disabled plan participant and therefore an offset of that nature would require an inquiry into the extent a Plan participant benefited from Social Security awards to his dependents. Neither Unisys nor Travelers ever conducted such an inquiry when awarding benefits under the Plan, and the Plan language does not call for such an inquiry.

The fact that in some cases a Plan participant may take custody of the Social Security award made to a dependent does not mean that the participant receives the award. Disability benefits paid to family members such as children are designed to provide the recipient for loss of support he or she sustains because of the disability of a parent. These awards are the property of the dependent. Where it appears that a dependent because of youth or mental or physical condition may be unable to manage the proceeds of the award, a representative payee will be appointed if that is determined to be in the best interests of the beneficiary. 20 C.F.R. §§ 404.2001-404.2030. The representative payee must use the payments only for the use and benefit of the dependent consistent with regulatory guidelines and reporting requirements. 20 C.F.R. §§ 404.2040-404-2045; 20 C.F.R. § 404.2065. The fact that a disabled Plan participant may be designated as the representative payee does not render him the recipient of the award.

Unisys relies heavily on Hopkins v. Cohen, 390 U.S. 530 (1968). In Hopkins the plaintiff's attorney challenged the lower court's refusal to award him fees for his successful efforts in securing both primary and dependent social Security benefits. The applicable statute and regulations permitted the claimant to seek a fee for his attorney not to exceed 25 percent of "past benefits due you". (Emphasis added). The district court ruled that the "past benefits due you" did not include past benefits due the claimant's dependents which the attorney succeeded in recovering. The Supreme Court stated "[t]hat seems to us to be too technical construction of the Act which we need not adopt. In this instance, proof of the husband's 'claim' results in a package of benefits to his immediate family; and those benefits inure to the benefit of the head of the family who files the 'claim'". Id. at 534.

Hopkins provides no assistance in interpreting the Unisys LTD Plan. The Court was required to interpret a statute and seek the intent of Congress in a context far removed from a dispute over the meaning of an ERISA plan document. The canons of construction and the methodology of interpretation of a remedial legislative enactment differ from those applicable to the interpretation of a contract or trust instrument. E.g. Appalachian States Low-Level Radioactive Waste Commission v. Hon. Hazel O'Leary,      F.3d      (3d Cir. 1996). Hopkinsprovides no support to Unisys' position.

Thus we have concluded as a matter of law that the language of the Income From Other Sources provision of the Unisys LTD Plan is unambiguous. It provides that the benefits which a participant receives may be adjusted for disability benefits which the participant himself receives from other sources, such as Social Security. It does not provide for adjustments for disability benefits which a participant's dependents receive from other sources.

This conclusion requires that the judgment in favor of Unisys on Claim I must be reversed and that summary judgment on Claim I must be entered in favor of the plaintiff class.

The summary judgment in favor of Unisys on Claim I led to the district court's grant of summary judgment in favor of Unisys and Travelers on the Claim II breach of fiduciary duty claim. The breach of fiduciary duty was alleged to have arisen out of the deduction of dependents' benefits in the face of a Plan provision which unambiguously permitted the deduction of only the other benefits of a Plan participant. If the Plan permitted deduction of dependents' benefits, as the district court found, Unisys' and Travelers' deduction of such benefits could not have been a breach of a fiduciary duty.

The circumstances have changed now that it has been determined that deduction of dependents' benefits are not provided for under the Plan and that the deductions for dependents' benefits which were made in this case were unauthorized. Unisys and Travelers argue that even in these circumstances the undisputed facts require that summary judgment be granted in their favor on Claim II. They urge that an error in interpreting the Plan is not a breach of a fiduciary duty. Travelers contends that as a matter of law it was not a fiduciary and therefore could not be charged with a breach of a fiduciary duty. These are questions which the district court should consider in the first instance. The judgment in favor of Unisys and Travelers on Claim II will be reversed. On remand the district court will reconsider the motions for summary judgment on those claims in the light of this opinion and the record before it.

## III.  CONCLUSION

The order of the district court granting summary judgment in favor of Unisys on Claims I and II and the order of the district court granting summary judgment in favor of Travelers on Claim II will be reversed. The case will be remanded with directions that judgment in favor of the class plaintiffs be entered on Claim I and for further proceedings on Claim II and with respect to the remaining areas of dispute on Claim III in accordance with this opinion.